### STIMPSON *vs.* SPRAGUE *ad'x.*

*Assumpsit* lies against an attorney for negligence in transacting the business of his profession; and this cause of action survives against his administrator.

THIS was an action of *assumpsit*, against the administratrix on the estate of the late *Joseph Sprague*, Esq. a counsellor of this court; in which the plaintiff declared on a general undertaking and promise of the intestate, in consideration of his fees to be paid, to conduct a certain suit in a proper, skilful and diligent manner; and for the securing of the debt sued for in that action, to sue out execution upon the judgment, and deliver it to an officer within thirty days after the rendition of judgment; and alleged his neglect in this particular, whereby the attachment of the debtor's goods was dissolved, and the debt lost. The second and third counts were the general counts for money had and received, and for money laid out and expended. After verdict for the plaintiff, the defendant moved in arrest of judgment that the cause of action stated in the first count, to which alone the evidence applied, being founded in the alleged negligence of the intestate, did not by law survive.

*Allen* and *Farley,* for the defendant, cited *McMillan v. Eastman,* 4 *Mass.* 378; *Cravath v. Plympton,* 13 *Mass.* 454; *Todd v. Brad-*

*ford*, 17 *Mass.* 567 ; *Stebbens v. Palmer*, 1 *Pick.* 79 ; *Holmes v. Moore*, 5 *Pick.* 257.

*Greenleaf* and *Ruggles*, for the plaintiff, cited 2 *Saund.* 216, note ; *Paine v. Ulmer*, 7 *Mass.* 317 ; *Troup v. Smith's ex'rs* 20 *Johns.* 33 ; 1 *Chitty's Pl.* 53, 91 ; 2 *Ld. Raym.* 973 ; 7 *East* 134, 136 ; *Hambly v. Trott, Cowp.* 376.

MELLEN C. J. delivered the opinion of the Court at the ensuing *June* term in *Kennebec.*

The only question for decision arises upon the motion in arrest of judgment, founded upon the first count ; it not being contended that there was any evidence on trial applicable to either of the other counts. The counsel contends that the cause of action set forth in the first count does not by law survive against the defendant as administratrix. It certainly is an established principle of law that actions founded on a contract made by a testator or intestate survive against the executor or administrator. The case, however, of a promise to marry, seems to be an exception, as settled in *Stebbins v. Palmer*, cited in argument, and in the cases there mentioned. The only material inquiry, then ,to which we are required to direct our attention, is whether an action of *assumpsit* would have been maintainable against the intestate in his life time, to recover damages sustained by the plaintiff by reason of the negligence alleged ; for if so, then the present action is well founded. We are not called upon to decide whether an action of *assumpsit* will lie against a sheriff or his deputy, or a coroner, or any other legal officer, for a neglect of his official duty. The usage has been in such cases to declare in a special action on the case, describing the negligence or malfeasance. In the case of *McMillan v. Eastman, Parsons C. J.* says, " the remedy against a public officer, for neglect or misbehaviour in executing his office, is generally by an action of the case, alleging his misdemeanor, or sometimes by an action of debt, according to the nature of his misfeasance, but not by an *assumpsit* as implied by law." *Sprague,* the intestate, was not a public officer, and therefore does not necessarily come within the limitations above specified. The general principles in relation to this

subject are clearly stated by *Archbold* in his digest of the law relative to pleading and evidence pages 23, 24. "If a man undertake an office, employment, trust or duty, he thereby, in contemplation of law, impliedly contracts with those who employ him, to perform that with which he is entrusted, with integrity, diligence and skill; and if he fail so to do, it is a breach of contract, for which the party may have his remedy by action on the case, or, in most cases, by action of *assumpsit*." Here the principle, so far as relates to an office or officer, does not accord with the doctrine as laid down by *Parsons C. J.* in the above case of *McMillan v. Eastman*. *Archbold* further observes—" So if through any gross and culpable negligence of an attorney, his client be damnified, the client may have his remedy by action of *assumpsit*, or action on the case. And in 1 *Chit. Pl.* 92, it is said that *assumpsit* lies upon contracts to serve, and perform works, and against attorneys and solicitors, wharfingers, surgeons, inn-keepers, carriers and other bailees for neglect or for breach of duty. In 2 *Chit. Pl.* 96, is the form of a declaration in *assumpsit* against an attorney for neglect and breach of duty. The case of *Church & al. v. Mumford*, 11 *Johns.* 479, supports the same principle. It was an action against an attorney for negligence in the management of certain business entrusted to his personal care. The court considered all the three counts as in *assumpsit*. *Thompson J.* in giving the opinion of the court says, " The *gravamen* alleged is a breach of duty arising out of an employment for him; and the same circumstances which shew a breach of duty, amounting to a tortious negligence, shew also a breach of promise, implied from the consideration of hire. A party may generally declare either way;" that is, in case or *assumpsit*. So in *assumpsit* against a tenant for not using a farm in a workmanlike manner, according to the customary course; the plaintiff must prove the occupation, and the promise results. 1 *Stark. Rep.* 82; *Powley v. Walker*, 5 *D. & E.* 373; *Leigh v. Hewet*, 4 *East*, 154. So in *Nelson v. Aldridge*, 2 *Stark. Rep.* 384, the plaintiff declared in *assumpsit* against an auctioneer for having recinded a contract of sale which he had made, contrary to his duty as auctioneer; it was held that the action was maintainable upon the promise implied

by law from the employment of the auctioneer, and his sale of the goods, without proof of an express promise not to rescind the contract. In *Hambly v. Trott, Cowp.* 372, the principle as laid down by Lord *Mansfield* is this—" Where the cause of action is money due, or a contract to be performed, gain or acquisition of the testator, by the work and labor or property of another, or a promise of the testator express or implied ; where these are the causes of action, the action survives against the executor." The court observe in *Stebbins v. Palmer*—" where there is a duty as well as a wrong, an action will survive against the executor. He is responsible for the debts of the deceased, and for all undertakings and acts that create a debt, as far as there are assets." The distinction, as stated by the court, is, that causes of action which affect the estate, survive for or against the executor ; those which affect the person only do not.

An attorney, by presenting himself to the community as such, impliedly engages and promises to those who employ him that he will faithfully and carefully transact the business which may be en- trusted to him ; and when this engagement is disregarded and prom- ise violated by his unfaithfulness or inexcusable inattention, he, or his executor or administrator, must respond in damages to the injured party. In the present case, though Mr. *Sprague,* the intestate, sus- tained the fairest reputation in his private and professional life, yet in the instance stated in the plaintiff's declaration, the jury have deci- ded that he did not exercise that care and watchfulness which his duty required ; and that in consequence of his inattention the plain- tiff's loss has been sustained. We think that on legal principles the motion in arrest of judgment cannot be sustained. There must be

*Judgment on the verdict.*