MRS. RUBY KNIGHT WEEKLEY, *et vir.*, v. VICTOR H. KNIGHT and C. L. SPARKMAN, *Co-Partners.*

156 So. 625.

Opinion Filed September 29, 1934.

*Sutton, Tillman & Reeves,* for Plaintiffs in Error;

*Jackson, Dupree & Cone,* for Defendants in Error.

PER CURIAM.—We have been very much impressed by the plaintiffs in error's contentions in regard to the order sustaining demurrer to the defendants' amended first and second pleas to the entire declaration. We think there can be no question that one has a cause of action *ex contractu* against an attorney who neglects to perform the services which he agrees to perform for a client or which by implication he agrees to perform when he accepts employment by a client. See 6 C. J. 708, Sec. 253; 2 R. C. L. 1012, *et seq.;* Pennington, Executor, v. Yell, 6 Ark. 212; Chitty on Pleading, Vol. 1, page 149, Sec. 114, and note thereunder; Stimson v. Sprague, Administrator, 6 Maine 470.

The infirmity of the pleas above referred to is not, that they are not applicable if they state a cause of action, but they fail to allege sufficient facts to show that the defendant has suffered loss by reason of the act complained of. The defendant in these pleas avers that by the negligent act of the attorney she was caused to expend a large sum of money for the purchase of certain mortgages to protect her prior mortgage which had not been caused to be recorded by the attorney as it was alleged it was his duty to have caused the same to be recorded. The pleas allege that at the time she discovered the breach of the contract (implied by the attorney's employment in her behalf) she deemed certain property to be of sufficient value to warrant her in paying off the mortgages which by prior record had become prior liens to her mortgage and that she did pay off those mortgages or did purchase those mortgages to protect her mortgage, which, if it had been recorded properly and at the time it should have been recorded, would have been a first lien. But she does not allege that the property upon which she now holds three mortgages is not worth the aggregate of the mortgages. Neither does she show that she has foreclosed those mortgages and has failed to realize thereon the

amount represented by the mortgages. The pleas fall short of showing even a prospective loss, which would not be sufficient to warrant recovery. As the pleas were not sufficient to allege a cause of action against the complainant for damage by reason of breach of contract they were not sufficient to constitute pleas of set-off.

Therefore, demurrer was properly sustained.

The judgment is materially excessive, but we do not find in the record a basis for determining in just what amount the judgment should be reduced and, therefore, we think that justice to all parties demands that the judgment be reversed, because the same is materially excessive, and the cause be remanded for a new trial.

It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN, and BUFORD, J. J., concur.