Charles E. Murphy, J.
Defendant moves to dismiss plaintiff’s second amended complaint and the two causes of action pleaded therein as legally insufficient and on the basis that plaintiff has not a demonstrated status to sue.
Plaintiff seeks a recovery of certain real property conveyed to the defendant, Herman Goodman, who is his brother or, alternatively, that plaintiff be adjudged to have a one-third interest therein, on the ground that the conveyance to such defendant was induced by fraud and in reliance upon a confidential relationship springing from the fact that such defendant was plaintiff’s brother and that he was likewise an attorney and that plaintiff sought his “ advice and guidance.” (Reference is hereinafter made to this defendant only, inasmuch as the codefendant, who is the sister of the parties, was joined as such upon her refusal to proceed as a plaintiff and no personal claim is made against her.) The purpose of the conveyance, according to plaintiff, was to provide that the father of plaintiff and the two defendants was to enjoy a life interest in the income from the property and upon his death the parties were each to have a one-third interest in the fee.
It is alleged in the first cause of action that in August, 1919, ownership of the real property in question was in the Hargood Holding Corporation. Plaintiff asserts that he was the president of such corporation and owner of all of the outstanding stock; that such corporation is “ now legally dissolved.” On or about January 4, 1936, the Hargood Corporation, it is asserted, conveyed the property in question to one Maurice Siegel. This, according to the complaint, was after plaintiff had made known to his brother, the defendant, Herman Goodman, his decision to make the arrangement in behalf of the father and the three children as above outlined and requested that brother’s “ advise and guidance with respect to carrying out such desires and *926 intentions.” Then follow allegations in five subsequent conveyances of the real property between the years 1936 and 1942, all (including the conveyance to Siegel as aforesaid) allegedly made on the false and fraudulent representations of said defendant as being necessary to effectuate plaintiff’s plan.
The legal elements of actionable fraud are pleaded and are sufficiently supported by factual averment.
Likewise, sufficient has been shown to spell out a confidential relationship existing between the plaintiff and the defendant brother (because of such blood relationship and the fact that the latter was a lawyer and plaintiff relied upon him as such, although he did not retain him professionally) to warrant invoking the aid of equity upon proper showing to decree a constructive trust.
The only difficulty with the complaint is that ownership of the property is shown to have been in the corporation and there is a lack of factual recital to demonstrate why the corporate entity should be disregarded. Plaintiff pleads on the assumption that, because he owned all of the outstanding stock, the real property was his own. But such result does not follow. Stock ownership is not synonymous with legal ownership of the corporate assets (Brock v. Poor, 216 N. Y. 387, 400-402), nor does such result ■necessarily follow upon a corporate dissolution. "Whether defendant’s representations were made to, and the incident fraud practiced upon, the corporation or upon the plaintiff, individually, the complaint does not make clear.
There is a gap in the asserted cause of action in the allegations with respect to the conveyance of the property into and out of Maurice Siegel. Who the latter is does not appear. For all that is shown to the contrary, as defendant points out, Maurice Siegel was a free agent. He is not joined as a party defendant nor asserted to have been party or privy to the defendant brother’s alleged fraud; nor is it pleaded that he was a mere alter ego, dummy or vehicle for the latter. As the movant’s brief points out: “ the transfer to and from Siegel are in no way factually alleged to be related to a pretended creation of a trust in the property involved in this law suit.”
In the chain of conveyance referred to above, another corporation appears. Parnell Estates, Inc., acquired the property on or about April 15,1936, and conveyed it on or about October 8,1940, as appears from complaint paragraphs 8 and 9. In complaint paragraph 13 it is alleged that “at all times hereinafter mentioned this plaintiff was the President and the true owner of all of the outstanding stock of the Parnell Estates, Inc. ’ ’ Even proceeding on the assumption that plaintiff’s asserted status would *927 be of any avail, it does not satisfactorily appear that he had it at the times of the conveyances recited in complaint paragraphs 8 and 9. The assertion that he was the “ true ” owner of the stock is equivocal and the equivocation is not clarified by factual averment.
This criticism applies as well to the second asserted cause of action.
The motion to dismiss the entire complaint is granted, with leave to plaintiff to serve an amended complaint within 10 days of the notice of entry of the order hereon. Submit order.