Saul Geltman et al., Individually and as Administrators C. T. A. of the Estate of Joseph Geltman, Deceased, Respondents-Appellants, v. Travis S. Levy et al., Appellants-Respondents.

First Department, November 17, 1960.

412

*Henry B. Lamm* for Travis S. Levy, appellant-respondent.

*Simon Rosenzweig* for Joan C. Levy, appellant-respondent.

*Marvin S. Robinson* of counsel (*Abraham Tannenbaum* and *James Dubin* with him on the brief; *Jonick & Tannenbaum*, attorneys), for respondents-appellants.

*Per Curiam.* The plaintiff estate owned 100% of the stock of a corporation (subsequently liquidated) whose principal asset was an apartment building. One of the defendants is an attorney who represented the estate. In this action it is charged that the attorney defendant, in breach of his fiduciary obligations and through wrongful conduct, caused 25% of the stock of the corporation to be transferred to his wife and another 25% ·of such stock to his aunt. His wife is joined as a defendant but his aunt has not been made a party to the action. The attorney is also charged with the improper use of assets of the estate for his own benefit and with negligently handling one phase of the estate's affairs.

The complaint contains five causes of action. On a motion testing the sufficiency of such causes of action, Special Term sustained all but the second, holding that cause of action to be insufficient. This appeal reviews the disposition of Special Term.

The plaintiffs, in the first cause of action, charge that through "various manipulations" the defendant attorney caused the transfer to his wife, the other defendant, of a 25% interest in the estate-owned corporation at a grossly inadequate price. The corporation was subsequently liquidated and its assets distributed so that the defendant wife now holds a 25% interest in the real estate as a tenant in common. The plaintiffs seek to have the transaction declared fraudulent and void and ask for the retransfer to them of the 25% interest now held by the defend-

ants and also demand an accounting. This cause as pleaded is sufficient. The plaintiffs adequately allege improper conduct on the part of their attorney in a transaction which resulted in his gain to their detriment (*Matter of People* [*Bond & Mtge. Guar. Co.*], 303 N. Y. 423).

The first cause of action as pleaded is not of a derivative nature requiring the plaintiffs to sue in a representative capacity on behalf of the corporation. The plaintiffs plead that before the improper transfer of the stock they owned " 100% of the issued and outstanding shares of stock of the corporation ". That is to say, they had 100% control and were the sole owners of the corporation. As the result of the defendants' conduct, instead of owning 100% of the corporation, their holdings were reduced to a 75% interest with the ultimate result that their interest in the fee of the real property was reduced accordingly. Therefore, the damage was to them as individuals rather than to the corporation. It diluted their percentage of holdings and weakened their control. Through this first cause of action they seek to be restored to their original position. For that purpose they need not sue in the name of the corporation.

Even if this should properly have been a derivative suit the circumstances of this case would " warrant " the court in the " exercise of its- equitable powers " to " dispense with the presence of [the] defunct corporation " (*Weinert* v. *Kinkel*, 296 N. Y. 151, 152, 153). Here the corporation has been liquidated and the parties are tenants in common of the real estate in the same proportions as they held the stock. To relegate the plaintiffs to a stockholders' suit would, as said in the *Weinert* case (*supra*), be disregarding " the realities ". Just prior to the time of the transfer the plaintiffs owned 100% of the stock. They merely seek, in this first cause of action, to be put back in the same position that they would have been were it not for the alleged self-dealing of their attorney. Moreover, " [w]hile judgments in stockholders' actions must ordinarily run in favor of the corporation, this rule is not inflexible " and " [w]here a stockholder * * * is in reality the only one injured, he is entitled to a personal recovery of his proportion of the damages based on the percentage of his stockholdings. DiTomasso v. Loverro, 250 App. Div. 206 * * * affd. 276 N. Y. 551 " (1 White, New York Corporations [12th ed.], pp. 921–922).

It is also said in White on New York Corporations (Vol. 1, ¶ 513.4) that " [a]lthough ordinarily the recovery in a stockholder's derivative action would be that of the corporation for whose benefit the suit was brought, the court in a proper case where special circumstances exist should adjust the decree to

the realities of the situation and prevent unnecessary *circuity* and hardship" (emphasis supplied). It would seem that to insist that these plaintiffs, who were the only ones injured by the wrongdoing of the defendants, obtain relief only by instituting a derivative suit in behalf of a now defunct corporation is to encourage circuity and to compel them to follow a meaningless legal procedure in complete disregard of the realities of the situation.

The first cause of action is sufficient and that portion of the order so holding should be affirmed.

We agree with Special Term that the second cause of action is insufficient. It is alleged that the attorney defendant, through fraudulent representations made to the plaintiffs, his clients, caused the transfer of an additional 25% of the corporate stock to his aunt. From the facts alleged, it is conceivable that a cause in equity could lie but the plaintiffs do not ask for such relief. As distinguished from the first cause of action, the relief here sought is money damages. The fault in this cause of action is that there is no showing how any of the plaintiffs were damaged. In this type of action for money damages there must be a clear allegation that by reason of the fraud the plaintiffs parted with something of greater value than that which they received. No such showing has been made. We deem it proper to grant leave to replead, even though the complaint under consideration is the second amended complaint. We do so because we hold this cause of action to be insufficient on a different ground than was heretofore relied on by the Special Term which passed on the first amended complaint and which the Special Term, whose order is here appealed from, felt constrained to follow.

The third cause of action in effect alleges that the defendant attorney, through his wife, taking advantage of the fiduciary relationship existing between him and the plaintiffs borrowed money from the estate for his personal use without the payment of interest. It is clearly sufficient.

The fourth cause of action charges the defendant attorney with using the offices and facilities of the estate for his law practice without paying for such use. While the plaintiffs allege that the use of the premises and facilities was "with the consent and permission of the plaintiffs", they plead that such use, without payment therefor, was at their expense. In view of the fact that one of the plaintiffs is an estate, it would seem that sufficient has been pleaded to require an answer.

The fifth cause of action seeks to recover for the negligence of the defendant attorney in failing to cause an application to be

made in the Surrogate's Court to reduce the bond required of the administrators. It is alleged that the bond was in too large an amount and the estate suffered a loss resulting from the payment of premiums larger than would have been required had proper steps been taken to reduce the amount of the required bond. While it is true the administrators are primarily responsible for the administration of the estate, they had a right to look to the estate's attorney for advice and guidance. If it can be established that the failure to make application for reduction of the bond with the resultant damage was due to the negligence of the lawyer he might be held answerable. As pleaded, a good cause of action is made out.

Accordingly, the order appealed from should be modified, in the exercise of discretion, to the extent of granting leave to the plaintiffs to replead their second cause of action and, as so modified, affirmed, without costs.

EAGER, J. (dissenting in part). I would hold that each cause of action in the amended complaint is insufficient on its face excepting the " Third " alleged cause of action, and, therefore, I dissent insofar as this court would affirm the order of Special Term of April 5, 1960 in its sustaining of the " First ", " Fourth " and " Fifth " causes of action.

In the " First " cause of action, the plaintiffs, suing individually and as administrators of the estate of Joseph Geltman, deceased, allege that a real estate holding corporation, of which the estate was a 50% stockholder " redeemed " the other 50% of the stock from the owners thereof; that this was done by the corporation at the instance of defendant Travis Levy, an attorney, and by the raising of " additional capital required by the Corporation for the redemption "; that, thereupon, the said defendant, who was then the attorney for the corporation and one of the attorneys for the plaintiff, " acquired " 25% of the stock of the corporation (one half of the stock which the corporation had redeemed) " at a price which was grossly inadequate " and caused the same to be issued in the name of his wife, also a defendant; that at the time of all of the transactions the said defendant, Travis Levy, was the attorney for all of the parties, to wit, for the estate, for the plaintiffs, for the corporation and for himself and his wife.

It is the theory of this alleged " First " cause of action that the transactions, which allegedly resulted in substantial financial gain to the defendants and a substantial loss to the corporation and to the estate, were in breach of the defendant attorney's fiduciary obligations to his clients and amounted to a con-

structive fraud. The relief demanded is an accounting and a conveyance by defendants to the estate of Joseph Geltman, deceased, of the interest in the real estate of the corporation which they received on liquidation thereof by virtue of their 25% stockholdings.

Clearly, under the allegations of the complaint, the person primarily injured by the alleged wrongful acts of the defendants was the corporation in its turning over of certain of its shares of stock (half of the redeemed stock) at the alleged grossly inadequate price. The injury to the estate of the deceased stockholder and to the plaintiffs as administrators thereof, to wit, the depreciation in value of their stockholding interest, was incidental to the injury to the corporation.

It has been directly held that the wrongful obtaining by one of stock from a corporation at an inadequate price does not give to an individual cause of action in favor of the stockholders of the corporation but may only be redressed in a derivative cause of action. (*Hammer* v. *Werner*, 239 App. Div. 38, 44.) In any event, under the circumstances here, where the rights of the plaintiffs are alleged to stem from a wrong originally perpetrated upon the corporation, it is concluded that the corporate entity may not be disregarded so as to permit the plaintiffs to impress a constructive trust and have an accounting. (See *Brock* v. *Poor*, 216 N. Y. 387; *Goodman* v. *Goodman*, 24 Misc 2d 925; *Hedger Transp. Corp.* v. *Bushey & Sons*, 186 Misc. 758, affd. on opinion below 270 App. Div. 912.)

There are the allegations here to the effect that there was a "liquidation" of the corporation in 1952. This may be equivalent to an allegation that the corporation was dissolved, but, if so, present status of dissolution proceedings does not appear. In any event, it is noted that generally speaking, notwithstanding the dissolution of a corporation, its existence continues for the purpose of collecting and distributing its assets with power to sue and be sued. (General Corporation Law, § 29.)

The case of *Goodman* v. *Goodman* (*supra*) is somewhat in point. There, the action was by the plaintiff against his brother who was an attorney. A constructive fraud was claimed in the transfer of certain real property to a third person in violation of an arrangement whereby the plaintiff was to have an undivided one-third interest in the property. It appeared, however, that the ownership of the real property was originally in a corporation from which the transfer had been made. But, notwithstanding it was alleged that the plaintiff owned all the stock in the corporation and that the corporation was " ' now

legally dissolved ' '' (p. 925), and notwithstanding a case of fraud and breach of constructive trust was shown, the court, per MURPHY, J., dismissed the complaint with leave to replead, saying (p. 926): '' The only difficulty with the complaint is that ownership of the property is shown to have been in the corporation and there is a lack of factual recital to demonstrate why the corporate entity should be disregarded. Plaintiff pleads on the assumption that, because he owned all of the outstanding stock, the real property was his own. But such result does not follow. Stock ownership is not synonymous with legal ownership of the corporate assets (*Brock* v. *Poor,* 216 N. Y. 387, 400–402), nor does such result necessarily follow upon a corporate dissolution.''

There is not, in my opinion, in the said first cause of action a showing sufficient to justify the disregarding of the corporate entity and thereby authorizing the court to grant relief to the plaintiffs as sought by them, particularly, the sought for conveyance to the estate of the interest acquired by defendant in the realty formerly owned by the corporation. There is no affirmative showing that the rights of other stockholders, creditors, or other third persons claiming under the corporation, are not involved. (In fact, it appears by allegations in the following alleged cause of action that there was outstanding, at time of liquidation, also a 25% stockholding interest in one Kornbluh and that she became a tenant in common of the realty on liquidation.)

Under the circumstances, the '' First '' alleged cause of action should be dismissed. Plaintiffs, however, should be given leave to replead, because it may be that there are special facts not now alleged, justifying the disregarding of the corporate entity, or justifying a derivative action without making the corporation a party (see *Weinert* v. *Kinkel,* 296 N. Y. 151); or the plaintiffs may have a cause of action at law to recover damages.

The allegations of the '' Fourth '' cause of action are to the effect that the defendant Travis Levy, who was one of the attorneys for the plaintiff administrators, used the offices of the estate for his law office in the practice of law and used in his personal affairs the services of the secretary for the estate, without paying to the estate the reasonable value thereof. It is alleged that by virtue of these facts the attorney breached his fiduciary obligations to the estate, to his financial gain, and that the same constituted a constructive fraud. It is concluded, however, that the allegations do not show a constructive fraud on theory of the abuse of a confidential or fiduciary relationship. The mere fact that defendant was one of the attorneys for the

administrators does not in and of itself lead to a conclusion that his use of estate property and an estate employee was unconscionable and presumptively fraudulent. The subject matter involved here in the dealings between the attorney and the administrators, being the use of the estate offices and of the estate's secretary, was not directly the subject of defendant's retainer and was not a matter concerning which the parties were in a confidential relationship. Thus, the decision of *Matter of People (Bond & Mtge. Guar. Co.)* (303 N. Y. 423) and similar decisions cited by plaintiff do not fully apply.

The plaintiff administrators, representing the estate, were in custody and control of the estate offices and of the services of its secretary, and the use by the defendant attorney of the offices and the services of the secretary was apparently open and aboveboard and with their full consent. The same would not in my opinion amount to a wrong to the estate and the beneficiaries thereof unless such use was an imposition and resulted in detriment or loss to the estate. In this connection, it does not factually appear that the estate, in fact, suffered any detriment or loss through the acts of the defendant attorney. There is in fact no showing that the offices were such that the administrators would be able and agreeable to renting extra space in the same to lawyers or other third persons; nor is there any showing that the duties of the secretary to the estate were interfered with.

The "Fourth" cause should be dismissed with leave to replead.

The "Fifth" alleged cause of action is brought against the defendant attorney to recover for alleged excessive bond premiums paid in connection with an administrators' bond approved and filed to qualify the plaintiffs. The allegations as to the negligence of the attorney in this connection are conclusory merely, and there is no factual showing of negligence.

Under the provisions of the statute, the administrators and not the attorney for the estate are empowered to apply for the reduction of the bond of the administrators. (See Surrogate's Ct. Act, § 111.) The primary responsibility in this connection was upon the plaintiff administrators, and the defendant, as attorney, would merely have the duty of properly advising the plaintiffs and of preparing necessary papers. It does not factually appear that the defendant attorney was neglectful in these duties in any way. In this connection it appears that the amount of the bond was fixed at $370,000 in 1951. For all that appears, the fixing of the bond then at this sum was proper and in accordance with law, and there is no factual showing of any

substantial change in assets or circumstances from that time until the termination of the attorney's services.

The defendant was only one of the attorneys for the estate, and there is no factual showing of anything that required him to act affirmatively to seek a reduction in the amount of the bond. The fact that on the termination of his services, the bond was reduced to $90,000 is irrelevant and not proper, or in any event, not sufficient to show negligence. Generally speaking, it is well settled that conditions or happenings after an event may not be received to show negligence. In any event, the total assets of the estate as shown by the complaint, with necessary incidental income, would require a bond nearly equal to that in effect during the time of the attorney's tenure (see Surrogate's Ct. Act, § 121) and, if there were special circumstances under which the bond could have been reduced and requiring the attorney to act on a given date, they are not shown by the complaint.

This "Fifth" cause of action should be dismissed with opportunity to replead.

RABIN, J. P., VALENTE, McNALLY and STEVENS, JJ., concur in *Per Curiam* opinion; EAGER, J., dissents in part in opinion.

Order, entered April 6, 1960, which granted defendants' motion to dismiss the second amended complaint to the extent of dismissing the second cause of action, modified, in the exercise of discretion, to the extent of granting leave to the plaintiffs to replead their second cause of action and, as so modified, affirmed, without costs.