■   Sol Shapiro, Respondent, v. Art Craft Strauss Sign Corp., Defendant, and Stanley Stahl, Appellant.— Judgment, Supreme Court, New York County, entered on May 13, 1971, upon a jury verdict, unanimously reversed and vacated, on the law and on the facts, and in the interests of

justice, and a new trial directed, with costs and disbursements to abide the event. In this closely contested action to recover for personal injuries allegedly sustained by plaintiff on the public street, when he was struck by a piece of a sign falling from defendant's building, it was essential that the trial court incorporate "'the factual contentions of the parties in respect of the legal principles charged'" (*Green* v. *Downs,* 27 N Y 2d 205, 208; see, also, *Arroyo* v. *Judena Taxi,* 20 A D 2d 888, 889). Moreover, the trial court erred in charging that the doctrine of "res ipsa loquitur, means if an accident occurs, it is assumed to be negligence under certain circumstances." It is settled that "The rule of *res ipsa loquitur* is a matter of inference rather than presumption, and the inference is one which the jury *may* draw from the happening of the accident under the circumstances but is *not required* to draw. It does not shift the burden to the defendant in any way, not even the burden of offering an explanation." (*Griffin* v. *New York Cent. R. R. Co.,* 277 App. Div. 320, 323.) In this respect, the charge was clearly erroneous (see, also, *Lobel* v. *American Airlines,* 192 F. 2d 217, cert. den. 342 U. S. 945), and, inasmuch as the charge as a whole was so inadequate as to preclude fair consideration by the jury, the reversal of the judgment for plaintiff and direction of a new trial is required in the interests of justice notwithstanding the failure of the defendant to except to the charge. (*Green* v. *Downs, supra*; *Arroyo* v. *Judena Taxi, supra*; *Molnar* v. *Slattery Contr. Co.,* 8 A D 2d 95, 100; *Winik* v. *Lincoln Sq. Apts.,* N. Y. L. J. May 2, 1972, p. 2, col. 1.) Furthermore, we consider the verdict grossly excessive. Concur — Murphy, McNally and Eager, JJ.; Kupferman, J. P., concurs in the result.