Charles C. THOMPSON, Sr., Administrator of the Estate of Charles C. Thompson, Jr., Plaintiff,

v.

James P. D'ANGELO and Harvey Porter, Defendants.

Superior Court of Delaware, New Castle.

Nov. 7, 1973.

Joseph Donald Craven, Wilmington, for plaintiff.

William F. Taylor, Wilmington, for defendant, James P. D'Angelo.

Roger P. Sanders, Wilmington, for defendant, Harvey Porter.

## OPINION

WRIGHT, Judge.

Charles C. Thompson, Jr. was killed in a two-car automobile accident in the State of Pennsylvania on March 15, 1969. The driver and owner of the other car were residents of Pennsylvania. In the car with the deceased at the time of the accident was Charlotte A. Yates who was injured and who subsequently delivered a son on July 31, 1969. She named her son Charles C. Thompson, III and now claims that he was the natural child of the deceased.

Shortly after his son's death plaintiff retained James P. D'Angelo, a Delaware attorney, to represent him as administrator of his son's estate. Plaintiff was thereafter appointed administrator of the estate of Charles Thompson, Jr. and on January 19, 1970, suit was filed in the United States District Court for the Eastern District of

Pennsylvania (Civil Action No. 70–188) against the driver of the other automobile. Plaintiffs in that action were Charles Thompson, Sr., suing as administrator of his son's estate, Charlotte Yates, the mother of the latter's putative illegitimate child, and Beulah Yates, Charlotte's mother. All three plaintiffs were represented by the same counsel including defendant Porter, a member of the Delaware and Pennsylvania bar. A settlement was then reached and pursuant to a petition for approval bearing plaintiff's signature, an order was entered on January 22, 1971 directing that the amount of the settlement less costs and fees be paid to Charlotte and Beulah Yates for the minor Charles C. Thompson, III.

On October 8, 1971, Charlotte Yates petitioned the Court of Chancery of the State of Delaware for an order appointing her as guardian of her son's property. Plaintiff unsuccessfully attempted to repudiate the settlement and obtain an order of the Court directing that he can be entitled to the settlement proceeds. Plaintiff's petition to intervene was dismissed with a ruling that his remedy resided in the Federal District Court.

Plaintiff now brings this malpractice action as administrator against co-defendants for the entire settlement proceeds of $7,000 alleging that he did not knowingly consent to the settlement approved by the Federal District Court. Further, it is alleged that his signature appearing on the Petition For Approval and Settlement and the Statement of Distribution were obtained by fraud. Fraud it is alleged, made easier by plaintiff's inability to read which was then known by the Defendant, D'Angelo.

■ Plaintiff's general theory of liability is appropriately based on the rule of law that an attorney is liable for any loss sustained by his client in consequence of the attorney's fraud or unfair dealing. 7 Am.Jur.2d 152, Attorneys at Law, Sec. 180. A further consideration of the applicable law reveals, however, that the plaintiff has failed to meet the burden of proof necessary for his action to survive. More specifically, in an action for damages arising from an attorney's violation of duty, the client has the burden of proving that the misconduct was a proximate cause of injury, and the fact and extent of the injury alleged. 7 Am.Jur.2d 156, Attorneys at Law, Sec. 188; Pusey v. Reed, 258 A.2d 460 (Del.Super.1969); Geltman v. Levy, 11 A.D.2d 411, 207 N.Y.S.2d 366 (1960); Weekley v. Knight, 116 Fla. 721, 156 So. 625 (1934), cited at 87 A.L.R.2d 995. Thus, the Plaintiff in a malpractice action must define and prove his losses. Gleason v. Title Guarantee Co., 300 F.2d 813 (C.A. Fla.1962).

■ Although plaintiff in the case at bar generally asserts that he has been deprived of $7,000 to which he was entitled, he has failed to adequately establish a basis in law for his claim to the settlement proceeds. As administrator of his son's estate, plaintiff must have shown that, due to defendants' misconduct, the estate was deprived of proceeds to which it was entitled under the Pennsylvania Survival or Wrongful Death Statutes. See Funk v. Buckley & Co., 158 Pa.Super. 586, 45 A.2d 918 (1946); Mohler v. Worley, 179 Pa.Super. 56, 116 A.2d 342 (1955). Although plaintiff asserts that the illegitimate son should not have been entitled to recover under a Wrongful Death Action, he has failed to establish a specific loss to the estate arising from the conduct of Defendant counsel. It follows therefore that this Court must find for Co-defendants.

Plaintiff's motion for summary judgment is denied. Co-defendants' motions for summary judgment are granted. It is so ordered.