643 So.2d 1098 (1994)
Lonnie E. WILLOUGHBY, Jr., Appellant,
v.
DOWDA AND FIELDS, CHARTERED f/d/b/a Dowda and Fields, P.A. and Alan B. Fields, Jr., Individually, Appellees.
No. 93-2440.
District Court of Appeal of Florida, Fifth District.
July 29, 1994.
Opinion Granting Rehearing or Clarification September 30, 1994.
Lonnie E. Willoughby, Jr., pro se.
Alan B. Fields, Jr., Palatka, for appellees.
W. SHARP, Judge.
Willoughby appeals from a summary judgment denying him any affirmative relief on his malpractice counterclaim filed in a lawsuit brought by Fields (an attorney), and Fields' professional association, for legal services. Willoughby's counterclaim arose out of the same litigation as Fields' suit for fees. The trial judge ruled that Willoughby's malpractice claim was barred by the two-year statute of limitations,[1] because he was aware of Fields' alleged malpractice as of October 3, 1989, and he did not file his counterclaim until September 19, 1992. We reverse.
Fields concedes the summary judgment cannot be based on the statute of limitations bar. In the first place, the statute does not generally begin to run until the underlying lawsuit in which the claimed malpractice took place has been finally lost on appeal. Edwards v. Ford, 279 So.2d 851 (Fla. 1973); Richards Enterprises, Inc. v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986); Magic World, Inc. v. Icardi, 483 So.2d 815 (Fla. 5th DCA 1986); Adams v. Sommers, 475 So.2d 279 (Fla. 5th DCA 1985). That did not occur in this case until October 8, 1991, when the lower court's judgment was *1099 affirmed (adversely to Willoughby) by this court. Other circumstances may start the statute running earlier, but summary judgment was premature on this basis.
Further, even if time-barred, Willoughby is entitled to set off his claim against Fields or his professional association for sums awarded in the suit for fees. See Allie v. Ionata, 503 So.2d 1237 (Fla. 1987); Payne v. Nicholson, 100 Fla. 1459, 131 So. 324 (1930).
Fields argues the summary judgment should be upheld, although granted for the wrong reason, because Willoughby is suing Fields in the United States District Court for Florida on the same cause of action. See Birnholz v. Steisel, 338 So.2d 862, 863 (Fla. 3d DCA 1976). However, the record in this case is insufficient to establish anything substantive with regard to the federal litigation. And, in any event, it does not address Willoughby's right to assert his malpractice claim by way of set off or recoupment.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
W. SHARP, Judge.
We grant the motion for rehearing and/or clarification to clarify that Fields, individually or personally, cannot be subject to recoupment or set off on a claim brought by Willoughby.
This lawsuit was brought solely by Fields' law firm, Dowda & Fields, a professional association. Fields did not, in his personal or individual capacity, institute a claim against Willoughby. Recoupment is only available as a defense when an affirmative claim has been asserted against a party. It is well established that the defense of recoupment may be asserted defensively where the underlying claim is barred by the statute of limitations. However, this principle does not apply in the present case[1] because Fields personally has instituted no claim against Willoughby. Thus, on remand, Willoughby's claim in recoupment cannot be utilized defensively against Fields individually. Willoughby's recoupment claim, in this case, should be limited to Dowda and Fields, P.A., on remand.
In all other respects, the motion is denied.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] § 95.11, Fla. Stat. (1993).
[1] See Allie v. Ionata, 503 So.2d 1237 (Fla. 1987).