701 So.2d 90 (1997)
Art SILVESTRONE, Appellant,
v.
Marc Z. EDELL, Budd, Lardner, et al., Appellees.
No. 96-2236.
District Court of Appeal of Florida, Fifth District.
September 12, 1997.
Rehearing Denied November 5, 1997.
William Summers and Edwin Vargas of Summers, Anthony & Vargas, Cleveland, OH, and Victor L. Chapman and R. Steven Ruta of Barrett, Chapman & Ruta, P.A., Orlando, for Appellant.
*91 Darryl M. Bloodworth and Nichole M. Mooney, of Dean, Mead, Egerton, Bloodworth, Capouano, & Bozarth, P.A., Orlando, for Appellees.
HARRIS, Judge.
The issue in this case is whether the cause of action for legal malpractice begins to run from the date the client obtains knowledge of his cause of action for legal malpractice (the jury verdict) or from a subsequently entered final judgment which does not and, based on the client's directions, cannot change the result of the jury verdict. Art Silvestrone urges that his attorney was negligent in his federal antitrust action by not calling an expert witness and by suggesting to the jury that the case "wasn't about money." There is no question that Mr. Silvestrone knew about the alleged malpractice when the jury returned an unsatisfactory verdict. In fact, Mr. Silvestrone immediately thereafter consulted a lawyer about bringing a malpractice action against his trial attorney. Further, after considering his trial attorney's recommendation, he instructed his attorney not to seek an additur, not to seek a new trial, and not to appeal. Because of various post-verdict motions by other parties and because Mr. Silvestrone's attorney was seeking an award of attorney's fees in his antitrust action, the final judgment was not entered until almost two years after the jury verdict. When Silvestrone finally got around to filing his malpractice action, the defendant moved for, and the court granted, summary judgment on the basis of the two year statute of limitations. Silvestrone appeals; we affirm.
Silvestrone urges that "until the final judgment is entered, the Appellant did not possess a matured cause of action which commenced the running of the statute of limitations." But Silvestrone is not suing on the final judgment; he is suing on specific acts of alleged malpractice which, to his knowledge, occurred long before the entry of the final judgment. Edwards v. Ford, 279 So.2d 851 (Fla.1973), relied on by Silvestrone, merely holds that the cause of action begins to run from the date the injured party has knowledge that he has a cause of action and not from the date of the negligent act. And his reliance on Willoughby v. Dowda and Fields, 643 So.2d 1098 (Fla. 5th DCA 1994), is misplaced. Although the Willoughby court acknowledged that "[o]ther circumstances may start the statute running earlier," generally the statute of limitations does not begin to run until the underlying action has been lost on appeal. But Silvestrone's problem is that he elected not to appeal and so instructed his lawyer. Even though Silvestrone could have changed his mind and elected to appeal up until thirty days after the final judgment was finally entered, that does not toll the running of the statute. The fact is that he did not change his mind and no appeal was ever filed. The only reason for delaying the action until after the appeal is that the offending judgment might be reversed on appeal and the client would, therefore, suffer no damages. But Silvestrone assured his continuing injury in this case by directing his attorney not to seek an additur, not to request a new trial, and not to appeal.
In Employers' Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177, 181 (Fla.1976), the supreme court held:
To allow that time period to be expanded by the interval between a final adjudication of liability containing all the information necessary to establish the enforceable right, and the court's execution of a formal piece of paper called final judgment, would be to extend the statutes unnecessarily by nonuniform lengths of time.
We believe that when the jury returned its verdict and when Silvestrone directed his attorney not to seek additur, not to seek a new trial, and not to appeal, he had all the information necessary to establish his cause of action, if indeed he had one, against his attorney and the statute of limitations started running at that time.
Silvestrone's alternative argument, and one with some appeal, is that his cause of action should be tolled under the continuing representation doctrine. That is, it would have been prejudicial to him to sue his attorney while his attorney was seeking an award of attorney's fees in the same action that produced the malpractice. The problem with this argument is that it was not presented *92 below. We will not consider it on appeal for the first time.
AFFIRMED.
GRIFFIN, C.J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent based on the facts presented here and for public policy reasons.
Edell, an attorney in the law firm of Edell, Budd, Lardner, et al., represented Silvestrone in a federal antitrust case in which Silvestrone prevailed. The jury returned a verdict in favor of Silvestrone on February 27, 1990, in the amount of $11,310.00. Over the next two years, numerous post-trial motions were filed, but final judgment was not rendered until February 4, 1992. Subsequently, an order awarding Edell attorney's fees in the sum of $228,973.11 was also rendered. Silvestrone immediately consulted another lawyer about filing a malpractice claim against Edell, and based on his attorney's recommendations, Silvestrone determined not to file an appeal.
Silvestrone filed a legal malpractice claim against Edell on January 19, 1993, less than one year after the final judgment was rendered. The basis of Silvestrone's claim, inter alia, was that in the antitrust case, Edell failed to present evidence of damages on Silvestrone's behalf, and failed to inform him of settlement offers. Edell filed a motion for summary judgment, claiming that the two-year statute of limitations period had expired. The trial court granted the motion and Silvestrone appealed to this court.
The majority opinion determines that the statute of limitations began to run in this case when the jury returned its verdict, because at that point Silvestrone knew about the allegedly insufficient damage award, and any malpractice which may have caused it. Unlike the majority, I cannot conclude that Silvestrone, or his new attorney, "knew" a valid malpractice cause of action existed when the jury returned its verdict, although the possibility of a valid action obviously existed.
The facts and elements of a valid legal malpractice case are not so easily discernable. As noted in 1 Legal Malpractice, 4th Edition (1996),
Many actions against attorneys [for legal malpractice] superficially appear justified, but upon closer analysis involve deficiencies in the elements of the legal malpractice cause of action. Some of those actions against attorneys are filed because of a documented error of judgment that injures the client. Too many plaintiffs and their new attorneys, however, fail to recognize that an error of judgment by an attorney is an issue different from, and irrelevant to, the determination of whether the attorney was negligent.... The perfect vision and wisdom of hindsight are unreliable criteria for determining the existence of legal malpractice. (emphasis added)
Id. at 8-9. And even where negligent error is apparent, many lawsuits fail due to a client's inability to prove damages. Although there may in fact be errors and negligence which have occurred during the course of the client's case, more is required for liability to exist.
A plaintiff must first prove three elements in a legal malpractice action: (a) the attorney's employment; (b) his neglect of a reasonable duty; and (c) proximate cause, i.e., that the lawyer's act caused the client injury or damage.[1]Weekley v. Knight, 116 Fla. 721, 156 So. 625 (1934); Oteiza v. Braxton, 547 So.2d 948 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 232 (Fla.1990); Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973). This latter element requires the "but for" test to be met: "but for" the lawyer's negligence, the client would have prevailed in the underlying lawsuit. Id. This requirement has resulted in a legal malpractice action being referred to as a "case within a case." Sola v. Clostermann, 67 Or.App. 468, 679 P.2d 317, 318 (Or.App.1984); Alva v. Hurley, Fox, Selig, Caprari & Kelleher, 156 Misc.2d 550, 593 N.Y.S.2d 728, 731 (N.Y.Sup.1993).
*93 The fact that the client loses, standing alone, does not establish that the lawyer did not adhere to the requisite standard of care, because an attorney is not ipso facto a guarantor of his work. Daytona Dev. Corp. v. McFarland, 505 So.2d 464 (Fla. 2d DCA 1987). While a client may recover in malpractice for attorney negligence or error, he may not recover for judicial error. See generally, Segall v. Segall, 632 So.2d 76 (Fla. 3d DCA 1993). Because these cases are difficult to prove and their validity may be questionable at the outset, it is imperative that all facts pertaining to the lawyer's conduct and the client's damages be known prior to the lawsuit being instituted.
Further, the law is not at all clear as to when the cause of action accrues, or when the statute of limitations begins to run. I submit that the view taken by the majority only adds to the confusion in this area. To make the determination of when a malpractice cause of action begins to run, one must "weed through" a number of Florida cases, involving different fact patterns. It is not unlikely this effort will result in confusion when attempting to apply them to the facts of a different case, and set a trap for the unwary.
For example, it has been held that the cause of action accrues when the lawyer's services are completed. Birnholz v. Steisel, 394 So.2d 523 (Fla. 3d DCA 1981). But a legal malpractice cause of action accrues not on the date the statute of limitations runs in the underlying case for which the attorney has been retained (and which naturally terminates the cause of action), but rather, on the date the client is notified the cause of action has been dismissed. Downing v. Vaine, 228 So.2d 622 (Fla. 1st DCA 1969). More recently, courts have held such causes of action accrue when redressable harm is established; but mere knowledge of possible malpractice is not dispositive of when the action accrues. Zuckerman v. Ruden, Barnett, et al., 670 So.2d 1050 (Fla. 3d DCA 1996), rev. denied, 679 So.2d 774 (Fla.1996); Bierman v. Miller, 639 So.2d 627 (Fla. 3d DCA 1994); Coble v. Aronson, 647 So.2d 968 (Fla. 4th DCA 1994), rev. denied, 659 So.2d 1086 (Fla.1995).
The statute of limitations does not begin to run when a lawyer's services are rendered,[2] but when the negligence becomes known, or should have become known (the latter obviously being a factual determination, made on a case-by-case basis). Burnside v. McCrary, 382 So.2d 75 (Fla. 3d DCA 1980). And it begins to run when the amount of damages is ascertained. Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988).[3] It commences when a default judgment is entered, Don Reid Ford, Inc. v. Feldman, 421 So.2d 184 (Fla. 5th DCA 1982), and in tax cases when final judgment is entered. Wilkerson v. Sternstein, 558 So.2d 516 (Fla. 1st DCA 1990). But the statute of limitations does not run on the entry of an order confirming a settlement, but rather, on the entry of final judgment because the court has authority, until the entry of final judgment, of revisiting the issue. Zakak.
When the malpractice action is predicated on errors or omissions committed in the course of litigation, it does not commence to run until the litigation is concluded by final judgment, or if appealed, by completion of an appeal. Zakak v. Broida & Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989). It does not begin to run while the attorney continues to represent the client. For that time, it is tolled. Wilder v. Meyer, 779 F.Supp. 164 (S.D.Fla.1991). See also Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990); Keller v. Reed, 603 So.2d 717 (Fla. 2d DCA 1992); Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981).[4]
I fully agree with the supreme court's statement that the basic principles for all *94 professional malpractice actions should be the same, absent a clear legislative intent to the contrary. Peat, Marwick at 1325. Unfortunately, in practice it is unclear in Florida case law exactly when the statute of limitations begins to run in attorney malpractice cases. That, coupled with the uniqueness of legal malpractice actions generally, places a practitioner in the situation where he or she may have to file a legal malpractice claim before being comfortable that it is valid enough to warrant the imposition of such an expenditure on the client's part, or risk the running of the statute of limitations. This can only result in the filing of legal malpractice actions which should never be filed in the first place.
Based on the majority opinion's view, the statute of limitations ran just 13 days after the entry of the final judgment. Silvestrone had twice as long to file his notice of appeal as he did to file his malpractice lawsuit. This anomalous situation occurred primarily because the trial judge delayed determination of the attorney's fee issue. This was a matter over which Silvestrone had no control, and one that was in his best interest to get resolved with the cooperation and assistance of the lawyer who allegedly committed malpractice.
Silvestrone recovered $11,310.00. Between the jury verdict and the entry of the final judgment, some two years apart, various motions were filed. At least a portion of these motions could have affected the outcome; e.g., a judge could have granted a new trial or even reversed the jury verdict. A trial judge can revisit the cause at any time and change the result up until the time the final judgment was entered. Further, the attorney's fee award to Silvestrone of $228,973.11 in fact reduced Silvestrone's potential malpractice claim. Without it, Silvestrone might have faced an attorney's fee claim of considerable magnitude.
I think the better view would be that the statute of limitations did not start to run (at the earliest) until entry of the final judgment. Such a bright-line rule would give clarity and reduce litigation in the courts over when the statute starts to run, thereby resulting in judicial economy.
I would reverse and hold that the statute of limitations did not begin to run until the final judgment in this case was rendered. Zakak.
NOTES
[1] In practicing law, an attorney must possess the skill and knowledge possessed by other members of the profession, and must execute his duties with a reasonable degree of care, skill and dispatch or he will be liable therefor. Weekley v. Knight, 116 Fla. 721, 156 So. 625 (1934).
[2] Seemingly, this contrasts with Birnholz, which provides that the cause of action accrues when the lawyer's services are completed.
[3] Several courts have rejected the idea that the statute of limitations cannot commence to run until damages have been ascertained. Burnap v. Linnartz, 914 S.W.2d 142, 147 (Ct.App.1995); Radovich v. Locke-Paddon, 35 Cal.App.4th 946, 41 Cal.Rptr.2d 573 (6th Dist.1995).
[4] And if appealed, it does not commence until the appeal has been determined. Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990)