■ FIRST NATIONAL BANK OF MARYLAND et al., Respondents-Appellants, v ANWAR FANCY et al., Defendants, and MICHAEL BERMAN, Appellant-Respondent. [704 NYS2d 546] —Order, Supreme Court, New York County (Barry Cozier, J.), entered September 23, 1998, which, to the extent appealed and cross-appealed from, granted the motion of plaintiffs to modify the order of Supreme Court, New York County (Walter Schackman, J.), entered September 10, 1996, which, *inter alia*, pursuant to Debtor and Creditor Law § 273, set aside as fraudulent a conveyance of $100,000 from defendant Business Computing International, Inc. (BCI) to defendant-appellant Berman, by directing that Berman pay the money directly to plaintiff Global Bancorporation, rather than return it to BCI, and denied plaintiffs' application for post-judgment interest, unanimously affirmed, without costs.

The previous order of the Supreme Court directed Berman to return to BCI some $100,000 fraudulently conveyed to him by BCI. The court properly modified such order by directing that the money be paid directly to plaintiff Global. This action was commenced both derivatively and by individual claimants. Direct payment to plaintiff bank, judgment creditor of the now defunct BCI, did not defeat any priority held by stockholders and is a recognition of the realities of the situation, preventing unnecessary circuity and hardship (*see, Geltman v Levy*, 11 AD2d 411, 412-413).

By its own terms, the order directing Berman to return the $100,000 to BCI did not constitute a money judgment subject to post-judgment interest pursuant to CPLR 5003. Nor was a money judgment available absent a demonstration that Berman had disposed of the money (*see, Marine Midland Bank v Murkoff*, 120 AD2d 122, 132-133, *appeal dismissed* 69 NY2d 875; *Federal Deposit Ins. Corp. v Heilbrun*, 167 AD2d 294).

Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.