WILFREDO ROSADO, Appellant, v EDMUNDO CASTILLO, INC., et al., Respondents. [933 NYS2d 231]—

Defendant Castillo admitted that he diverted the assets of Castillo Rosado, Inc. (CRI) without authorization from his partner and in violation of their shareholders agreement. However, he defended his actions by claiming that plaintiff had abandoned the business and that he was acting to pay off the CRI debts, and further claimed that plaintiff suffered no damages because the business was worth nothing. While the court instructed the jury that it was Castillo's burden to prove that the CRI funds he diverted were all used to pay CRI bills, the second jury interrogatory asked the jury whether the funds collected by Castillo were greater than the amounts he used to pay CRI bills, debts and loans, and instructed that if five jurors found "no" or "unable to determine," the verdict was to be in favor of Castillo. This had the effect of improperly shifting the burden of proof to plaintiff on the very point that the court instructed the jury had to be proven by Castillo, depriving plaintiffs of a fair trial (*see Shapiro v Art Craft Strauss Sign Corp.*, 39 AD2d 696 [1972]).

The court also erred in directing a verdict dismissing the claims against defendant Denise Cassano. Evidence was presented at trial legally sufficient to allow the jury to find that Cassano engaged in the conduct attributed to her in the complaint.

Moreover, the court improperly dismissed the individual claims asserted by plaintiff, since defendants' alleged conduct and the other circumstances here suggest, as a matter of equity given the percentage of his interest in the company, that he have at least the opportunity to recoup the lost value of his shares (*see e.g. First Natl. Bank of Md. v Fancy*, 268 AD2d 229 [2000]; *Geltman v Levy*, 11 AD2d 411, 413-414 [1960]).

Finally, in our view the court improvidently exercised its discretion by deciding the issue of whether defendants acted in contempt of the temporary restraining order on the merits at a pretrial hearing. As the court previously determined, and this Court affirmed (*Rosado v Edmundo Castillo Inc.*, 54 AD3d 278 [2008]), it would have been preferable to delay the contempt determination until the factual issues in the underlying case were decided by the jury, since the two matters were so closely intertwined.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.