**NATIONAL CITY DEVELOPMENT COMPANY, Inc., a Delaware corporation, Appellant,**

v.

**Fenton M. FADELEY, Dolores U. Fadeley, Patrick A. Deck and Chester A. Blinston, co-partners trading under the firm name and style of Colonial Fuel Company, Appellees.**

**No. 2274.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 18, 1958.

Decided Feb. 12, 1959.

Herman Miller, Washington, D. C., for appellant.

Richard A. Bishop, Washington, D. C., with whom Paul L. O'Brien, Washington, D. C., was on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case is here for the second time. On the former appeal we granted a new trial because the trial judge was unable to supply us with his oral findings and conclusions, which we felt were necessary in deciding the case. Fadeley v. National City Development Co., 1958, D.C.Mun.App., 137 A.2d 566.

Upon remand, the suit was tried before another judge. By stipulation, appellees, plaintiffs in the trial court, read into the record the testimony which they had introduced at the first trial. This evidence disclosed that over a period of time appellees made many deliveries of coal to certain properties owned by appellant and managed for it by a rental agent. Appellees maintained the account in appellant's name, although the account was apparently opened by the rental agent and bills were directed to the rental agent. Sometimes the orders for the coal came from the rental agent, sometimes from appellant. There was testimony that $682.09 was still owing on the account, for which sum this suit was brought against appellant alone.

Appellant's principal defense was that its rental agent was solely liable for the bill. Appellant's president, Mr. Morris Hamburger, denied that he had ever ordered coal for the properties during the period in question. He testified that the rental agent had exclusive management and supervision of the buildings. The rents were collected by the agent, whose duty it was to pay all bills, render a monthly accounting, and remit any remainder to appellant. The salaries of the janitors were paid by the rental agent. Mr. Hamburger did make periodic inspections of the premises.

The trial judge held in effect that the rental agent was an agent for appellant, rather than an independent contractor and consequently awarded appellees judgment in the amount claimed.

Appellant's position in effect is that the evidence conclusively shows that the rental agent was an independent contractor which was solely liable for any debts incurred in the management of the properties. We cannot agree, however, that the total evidence will only permit this single conclusion. Precisely what were the contractual arrangements between all concerned is not clear, and neither party's evidence is of much assistance in ruling on the questions involved. No written contracts were offered by anyone, although Mr. Hamburger mentioned a letter of authorization which he had given to the rental agent.

Since the evidence contained no written memorials, "the surest criterion of liability is to be found in the intention of the parties,"[1] as manifested by their external acts. Appellees' evidence indicated that they apparently intended to contract with appellant through its agent, and they did offer testimony that Mr. Hamburger himself placed several orders. The fact that Mr. Hamburger ordered coal on a few occasions and also made inspections of the premises tends to show that he retained some measure of control over the rental agent's activities, the usual test in deter-

1. Washington Broadcasting Company v. Goozh Gifts, 1955, D.C.Mun.App., 118 A.2d 392, 394, 53 A.L.R.2d 1136.

mining whether one is an agent or an independent contractor. Appellees, of course, had the burden of proving agency, and their evidence, as we have said, was unsatisfactory on this point in several respects. We believe, however, that it was sufficient to sustain the inference that the coal was ordered by the rental agent as an agent for appellant, and thus that appellant was liable for the balance due.

Affirmed.