214 So.2d 86 (1968)
Peter KARTIKES, James Zabetias, Michael Mackaronis and George Kartikes, Jr., Appellants,
v.
Angelo DEMOS, Appellee.
No. 67-795.
District Court of Appeal of Florida. Third District.
June 25, 1968.
Rehearing Denied July 24, 1968.
Robert J. Ramer, Miami, for appellants.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and J.F. Dougherty, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellants suffered a dismissal of their second amended complaint without leave to further amend. They had sought compensatory and punitive damages for the alleged malpractice of defendant-appellee, Demos, an attorney. The record brought to this court consists of the second amended complaint, the motion to dismiss that complaint, and the final judgment of dismissal. We reverse.
We hold that the complaint states a cause of action under the principle set out in Messana v. Maule Industries, Fla. 1951, 50 So.2d 874, 876. We also continue to follow the rule in Weekley v. Knight, 116 Fla. 721, 156 So. 625 (1934), and Solomon v. Meyer, Fla.App. 1959, 116 So.2d 37: A client has a cause of action in contract against an attorney who neglects to perform services he explicitly or implicitly *87 agreed to perform when he agreed to be employed by the client.
We expressly reject appellants' proposition that the allegations of a complaint against an attorney for malpractice need contain only legal conclusions rather than ultimate facts, as in certain types of automobile negligence actions. See Form 1.945, Florida Rules of Civil Procedure (1967), 31 F.S.A. We simply hold that the allegations of appellants' second amended complaint, if proved, are sufficient to show a breach of the duty owed by the attorney to his client under the circumstances set forth in the complaint.
The complaint does contain legal conclusions and surplusage. We therefore reverse with directions to enter an order granting the appellant an opportunity to file a third amended complaint. Appellee suggests that this procedure is incorrect because, since there was no substantial difference between the allegations of the first amended complaint and the allegations of the second amended complaint, it was proper for the circuit court to dismiss the second amended complaint without leave to amend for failure to obey an order of the court. See Warriner v. Ferraro, Fla.App. 1965, 177 So.2d 723, cert. denied, Fla., 188 So.2d 319, cert. denied, 385 U.S. 995, 85 S.Ct. 610, 17 L.Ed.2d 454. We must reject this argument because the appellee did not see fit to supplement the record by cross-directing the clerk of the circuit court to include a copy of the first amended complaint in the record so that this court might take the allegations of that complaint into consideration.
Reversed and remanded with directions.