Paul LUDOLPH, et ux., Plaintiffs,

v.

BECHTEL ASSOCIATES PROFESSION-
AL CORPORATION, D. C., et
al., Defendants.

Civ. A. No. 81–0871.

United States District Court,
District of Columbia.

June 11, 1982.

Michael H. Feldman, James M. Hanny, Ashcraft & Gerel, Washington, D. C., for plaintiffs.

Gary W. Brown, James W. Greene, Macleay, Lynch, Bernhard, Gregg & Attridge, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Before the Court is the motion of defendants, Bechtel Associates Professional Corporation, D. C. and Bechtel Civil and Minerals, Inc. (collectively Bechtel), for summary judgment on the ground that, with respect to the matter at hand since Bechtel was (in its view) an agent of the Washington Metropolitan Area Transit Authority (WMATA), no action lies against Bechtel because a statute prohibits tort actions against WMATA's agents. Plaintiffs have cross-moved for partial summary judgment on the question of whether Bechtel is an agent of WMATA for purposes of the same statute. This question has been briefed by the parties in overwhelm-

ingly extensive detail, some nine lengthy pleadings attempting to explicate the issue having been submitted for consideration, including a transcript of an evidentiary hearing on this issue before the Honorable Howard F. Corcoran of this Court.[1] It is now ready for decision. For the following reasons, the Court finds that with respect to the events giving rise to the instant lawsuit, the defendants were indeed agents of WMATA and are entitled to summary judgment in their favor. In light of the entry of judgment in Bechtel's favor, the Court *sua sponte* grants plaintiffs leave to amend the complaint promptly to name WMATA as defendant, it being clear that WMATA would not be prejudiced by such an amendment inasmuch as WMATA has been aware of the instant litigation since its agent, Bechtel, has been a party thereto since the outset.

Plaintiffs have sued Bechtel for the injuries the male plaintiff sustained in a fall onto exposed rebar rods while he was working on a WMATA subway station construction site. Plaintiffs allege that Bechtel was under contract with WMATA to supervise safety measures and insure job safety at all WMATA construction sites, that Bechtel was negligent in recognizing but not promptly correcting the allegedly dangerous condition created by the exposed rods, and that such alleged negligence was the proximate cause of the male plaintiff's injuries.

WMATA derives its existence and powers from the WMATA Compact, which was entered into by the District of Columbia and the states of Virginia and Maryland with the approval of Congress. The Compact is codified at D.C. Code § 1–2431. Section 80 of the Compact provides in relevant part that

The [Washington Metropolitan Area Transit] Authority shall be liable for its contracts and for its torts and those of its Directors, officers employees and agent committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflict of laws), but shall not be liable for any torts occurring in the performance of a governmental function. The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable, as herein provided, shall be by suit against the Authority.

Bechtel's position is that because it performed its responsibility to monitor safety under the direction and control of WMATA, it was acting as an agent of WMATA and therefore, under Section 80, is immune to suit.

The 1978 contract between Bechtel and WMATA, in force at the time of the male plaintiff's injury, established the role Bechtel was to play in the construction of the Metro system and its relationship with WMATA. WMATA sought Bechtel's services as a consultant to manage Metro con-

---

1. On May 17 and 18, 1982, a hearing was held in the case of *Johnson v. Bechtel Associates Professional Corp.*, Civil Action No. 81–0963, before Judge Corcoran. The *Johnson* case, like the instant one, is an action for personal injuries sustained while the plaintiff was working on a WMATA subway station construction site over which Bechtel personnel served to monitor safety. The Bechtel defendants in *Johnson* —the same two Bechtel defendants here— moved, precisely as they have done here, for summary judgment on the ground that the statute prohibiting suits against agents of WMATA applies to them. Bechtel is represented in *Johnson* by the same counsel representing it here. Likewise, plaintiffs here are represented by the same counsel representing Mr. Johnson in that case. Bechtel called three witnesses at the hearing: a WMATA Contracting Officer, a

Bechtel Assistant Construction Manager, and a Bechtel Project Manager. The plaintiff also called three witnesses: a Bechtel Chief Inspector, a former Bechtel Chief Inspector, and a Bechtel Field Inspector. WMATA was also represented by counsel at the hearing and participated therein upon the court's grant of the plaintiff's motion to bring the transit authority into the case as a party defendant. Because the hearing in the *Johnson* case concerned issues identical to those here, was argued by the same counsel appearing in this case, and involved no testimony irrelevant to this case, the Court shall consider the transcript of the hearing as if it were a deposition filed in this case, there being no apparent objection by counsel for the parties to such treatment of the transcript.

struction, the provision of which services would be required to accord with WMATA-developed policies executed by WMATA's Contracting Officer. *Scope of Services CY 1978, General Construction Consultant ("Scope of Services—1978")*, Exhibit C to Defendants' Motion. Safety procedures prescribed by WMATA for the contract set forth the essential hierarchy of responsibility for safety on WMATA construction sites. *See* excerpts from *Coordinated Safety Program & Reporting Procedures ("Safety Program Procedures")* Exhibit H to Defendants' Motion. Under the Safety Program Procedures, the Contracting Officer is WMATA's authorized representative for administering contracts relating to Metro construction. *Safety Program Procedures* at A–1. Another WMATA official, the Safety Engineer, is charged with, *inter alia*, evaluating and directing the activities of the Bechtel Safety Department and monitoring and evaluating the effectiveness of the Bechtel Resident Engineers (each of which is the senior Bechtel individual at a particular job site) in enforcing the provisions of the Safety Program. *Id.* at 10. Bechtel's Project Safety Supervisor is designated an "authorized representative of WMATA" and, among other things, provides safety services to Bechtel's Construction Manager and Resident Engineers to ensure compliance with the Safety Program Procedures. *Id.* at 14. Each of Bechtel's Resident Engineers has the responsibility to monitor the safety of the working conditions at his particular construction site (in this case, the Van Ness-U. D. C. Metro station) and report unsafe conditions to the WMATA Office of Construction, the National Loss Control Service Corporation (NATSCO) (whose services in assisting in field safety activities were obtained by WMATA), and Metro Insurance Administrators, in addition to other duties. *Id.* at 9. A Resident Engineer is defined by the Safety Program Procedures as an "[a]uthorized representative of the [WMATA] Contract-

ing Officer to supervise administration of a contract." *Id.* at A–1.

Upon considering the materials submitted by the parties including the transcript of the testimony at the evidentiary hearing, it cannot be doubted that WMATA has pervasive control over Bechtel [2] with regard to safety functions. WMATA, through its Contracting Officer, controls the direction of the Resident Engineer. The WMATA-Bechtel contract requires that the Resident Engineers' Manual be approved by WMATA's Contracting Officer. Exhibit L to Defendants' Supplemental Statement. The Contracting Officer is required to be kept fully informed of all operations, and Bechtel's authority to conduct operations is subject to approval of the Contracting Officer. *Scope of Services—1978.* The Resident Engineer takes specific directions from the Contracting Officer, and Bechtel cannot countermand those orders. Tr. 39–41. Orders given by the Contracting Officer to the Resident Engineer in the past have concerned very specific instructions relating to safety, involving such matters as the use of a particular substance known to the Contracting Officer to be hazardous, Tr. 48; Defendants' Exhibit 10a–b, and the jobsite accident rate. Tr. 47; Defendants' Exhibit 7. As such, it is WMATA's own view, expressed by that agency's counsel at the hearing, that based upon the actions that the Contracting Officer takes, WMATA controls Bechtel's Resident Engineer with regard to safety activities. Tr. 8.

Moreover, WMATA has a substantial measure of control over the hiring and firing of the Resident Engineer and other Bechtel personnel working on Metro sites. The Contracting Officer's approval is necessary before Bechtel can hire a Resident Engineer for a particular job; likewise, a Resident Engineer may not be reassigned without the Contracting Officer's approval. Tr. 32–33. As a matter of practice, a Resident Engineer cannot be fired without the

---

**2.** While defendants are two separate Bechtel corporations, from the point of view of WMA-TA's contracting officer there is no meaningful distinction between them. Tr. 22.

concurrence of the Contracting Officer. Tr. 33.

WMATA also controls the salary of Bechtel personnel working on Metro projects, Exhibit F to Defendants' Motion, and the number of contractor personnel and associates or consultants is subject to the approval of the Contracting Officer. Exhibit K to Defendants' Supplemental Statement; Tr. 34–36. WMATA has at least indirect control over the number of safety inspectors there will be on a job site. Tr. 36. In addition, Bechtel must obtain WMATA's approval before it can enter into any subcontracts. *Scope of Services—1978.*

Furthermore, at the evidentiary hearing, counsel for WMATA stated that WMATA "does not dispute" the characterization of Bechtel as its agent. Tr. 275; *see also* Tr. 8. Indeed, by allowing Bechtel's Resident Engineers to carry business cards identifying them as "Authorized Representative[s] of the Contracting Officer" and displaying WMATA's full name, Tr. 30; Defendants' Exhibit 3, WMATA certainly cloaked the Resident Engineers with the appearance of agents of the transit authority.

■ Plaintiffs concede that the activity performed by Bechtel is in the nature of a proprietary function, rather than a governmental function. Moreover, plaintiffs concede that it is possible to be at once an independent contractor and an agent. Indeed, the characterization in a contract of a party as an independent contractor is not controlling upon the question of whether an agency relationship exists. *Northern v. McGraw-Edison Co.*, 542 F.2d 1336, 1343 n.7 (8th Cir. 1976), *cert. denied McGraw-Edison Co. v. Soper*, 429 U.S. 1097, 97 S.Ct. 1115, 51 L.Ed.2d 544, *reh. denied*, 430 U.S. 960, 97 S.Ct. 1612, 51 L.Ed.2d 812 (1977). As such, the only question at issue is whether the restrictions imposed upon Bechtel by WMATA render Bechtel WMATA's agent under law.

■ It is clear that the terms of the Bechtel-WMATA arrangement, as discussed above, establish an agency relationship between these entities. Essential to the establishment of an agency relationship is consent between two parties that one will act on the other's behalf and subject to his control. *See, e.g., Riss & Co. v. Association of Western Railways*, 159 F.Supp. 288, 293 (D.D.C.), *motion to vacate denied* 162 F.Supp. 69 (1958); Restatement (Second) of Agency § 1 (1958). The right of the principal to control the agent is crucial to the existence of an agency relationship. *See, e.g., N. L. R. B. v. Local No. 64*, 497 F.2d 1335, 1336 (6th Cir. 1974); Restatement (Second) of Agency § 14, and comments thereto. Similarly, the element of control and the obligation of the controlled party of obedience are important to establish that an independent contractor is also an agent. Restatement (Second) of Agency § 14N and comment a thereto; *see also, e.g., Petition of United States*, 367 F.2d 505, 509 (3d Cir. 1966), *cert. denied Black v. United States*, 386 U.S. 932, 87 S.Ct. 953, 17 L.Ed.2d 805, and *cert. denied Allen v. Mathiasen's Tanker Industries, Inc.*, 386 U.S. 937, 87 S.Ct. 957, 17 L.Ed.2d 805, *reh. denied* 386 U.S. 1000, 87 S.Ct. 1303, 18 L.Ed.2d 354 (1967). All these factors are present in the instant situation. WMATA did have sufficient control over Bechtel to put Bechtel in the position of WMATA's agent. As such, under Section 80 of the WMATA Compact, WMATA, and not Bechtel, is the proper defendant to this action.

In light of the foregoing, it is, by the Court, this 11th day of June, 1982,

ORDERED, that the motion of defendants Bechtel Associates Professional Corporation, D. C. and Bechtel Civil and Minerals, Inc. for summary judgment in light of Section 80 of the WMATA Compact shall be granted and an appropriate judgment entered, and it is

FURTHER ORDERED, that the motion of plaintiffs for partial summary judgment on the question of whether defendants are agents of the Washington Metropolitan Area Transit Authority for purposes of Sec-

**634**

tion 80 of the WMATA Compact shall be and hereby is denied, and it is

FURTHER ORDERED, that plaintiffs shall be and hereby are granted leave to amend their complaint to name as a defendant the Washington Metropolitan Area Transit Authority, provided that the amended complaint be filed no later than 10 days from the date of this order, and it is

FURTHER ORDERED, that the complaint in this case shall be and hereby is dismissed as to defendants Bechtel Associates Professional Corporation, D. C. and Bechtel Civil and Minerals, Inc., and it is

FURTHER ORDERED, that the trial in this matter scheduled for June 21, 1982 shall be continued to a date to be set by the Court at a later time.

An appropriate Judgment accompanies this Memorandum Opinion and Order.

## JUDGMENT

In accordance with the Memorandum Opinion and Order in this case filed this date, judgment shall be and hereby is entered in favor of defendants Bechtel Associates Professional Corporation, D. C. and Bechtel Civil and Minerals, Inc., and against plaintiffs Paul Ludolph and Nancy Ludolph, on the question of whether defendants were, for purposes relevant to this case, agents of the Washington Metropolitan Area Transit Authority and therefore rendered immune from suit, by Section 80 of the Washington Metropolitan Area Transit Authority Compact, D.C.Code § 1–2431, for the matters alleged in the complaint.