**STOCK 'IN S.A., Plaintiff,**

v.

**SWISSCO, INC., et al., Defendants.**

**Civ. A. No. 87–1807 SSH.**

United States District Court, District of Columbia.

Oct. 10, 1990.

---

Phillip A. Fleming, Clifton S. Elgarten, Cecilia A. Cantrill, Washington, D.C., for plaintiff.

Wendell C. Robinson, Washington, D.C., David L. Schneier, Bethesda, Md., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant Swissco's motion to vacate default, defendants Swissco's and Dahan's motion to dismiss, and plaintiff's motion for sanctions. Upon consideration of the motions, the oppositions and replies thereto, and the entire record, defendants' motions are denied, and plaintiff's motion is denied without prejudice.

### Background

Plaintiff Stock 'In S.A. is a Swiss corporation which sells clothing. Defendant Di-

ana Z. Dahan originally sold clothing for plaintiff on a commission basis. On July 2, 1985, Dahan and plaintiff entered into an agreement which made Dahan the "exclusive agent for the sale in the United States ... of all clothing ... designated by [plaintiff] for sale" in the United States. (Parties' Agreement at 1.)

On or about July 19, 1985, Dahan created Swissco, Inc. (Swissco), a corporation established to facilitate the importation of plaintiff's merchandise into the United States and to permit Dahan to enter into a contract with a factor. Defendant Swissco was incorporated in the District of Columbia, with Dahan as the president, sole shareholder, and Chief Executive Officer (CEO). On July 26, 1985, the Corporations Division of the District of Columbia Department of Consumer and Regulatory Affairs' Business Regulation Administration issued Swissco a certificate of incorporation. This certificate verifies that "all applicable provisions of the District of Columbia Business Corporation Act [D.C.Code § 29–301 *et seq.*] have been complied with." (*See* Defendant Dahan's Motion For Summary Judgment, Ex. 8.)

Plaintiff has at all times relevant to this action been defendant's sole supplier of merchandise in the United States. Defendant's contractual duty was to act as plaintiff's exclusive agent by promoting, marketing, and selling its merchandise in the United States. Plaintiff retained control over credit, manufacture, delivery, customer service, advertising and promotional materials, collection, and payment of all costs incurred in connection with these activities. (Parties' Agreement at 1.) Plaintiff conducted all of its business through its agent, defendant Swissco, and has not, to the Court's knowledge, transacted business through any other entity in the United States.

Plaintiff filed this action on July 6, 1987, to collect outstanding sums for goods delivered to defendant Swissco, and for damages for breach of contract, misrepresentation, and interference with contract. This case has since undergone a protracted pretrial process characterized by substantial delay.[1] The Court first entered default against defendant Swissco on November 6, 1987, and against Dahan on November 16, 1987, which later was vacated. On February 1, 1990, plaintiff served its motion to reenter default against defendant Swissco by hand to Dahan's personal attorney, in her presence, at a status call before this Court.[2] Plaintiff also mailed a copy of its motion to Swissco on this same date.

The Court granted plaintiff's motion on February 13, 1990, and the Clerk's office formally reentered default against Swissco on February 16, 1990. Defendant Swissco filed its motion to vacate default on March 8, 1990. It also filed, along with defendant Dahan, a motion to dismiss for plaintiff's failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). In response to both motions, plaintiff filed a motion for sanctions on March 22, 1990. For the reasons set forth below, the Court denies defendants' motions, and denies plaintiff's motion for sanctions without prejudice.

### Default Judgment

As alluded to above, this case has a long history of evasion and delay on the part of defendants. Defendant Swissco's motion to vacate default is yet another attempt to antagonize plaintiff and manipulate the Court. Defendant offers four grounds as to why the Court should again vacate default. Defendant's strongest argument is its objection to the timing of the reentry of default. Defendant's remaining claims are weak at best.

---

1. The procedural history of this case has been documented fully in the previous orders, incorporated by reference. *See* April 15, 1988, Order; June 23, 1988, Order; May 30, 1989, Memorandum Order; August 16, 1989, Order; January 10, 1990, Order; February 8, 1990, Order; February 12, 1990, Order; February 13, 1990, Order; February 26, 1990, Order.

2. Defendant Swissco was not represented by counsel at that status call, nor had it been represented (since May 30, 1989) until the filing of these motions.

■ Defendant Swissco claims that the Court issued its February 13, 1990, Order reentering default at least two days earlier than it should have. Even though Dahan, Swissco's corporate agent and CEO, had personal knowledge of plaintiff's in-hand service, effected in her presence upon her attorney, in-hand service was not perfected. Fed.R.Civ.P. 4(d)(3).[3] Therefore, service on Swissco was perfected only by mail. Local Rule 108(b) and Fed.R.Civ.P. 6(e) grant defendant, served with a motion by mail, a total of 14 days in which to file a response. Defendant thus claims that these rules obligated the Court to wait until February 15 before reentering default. While defendant is technically correct, its own actions render this argument moot. Defendant never filed an opposition to the motion. Finally, 20 days from the date on which the Clerk's office reentered default, defendant filed its motion to vacate. Accordingly defendant never made a timely opposition and the Court will not condone defendant's lateness by granting its motion.

■ Defendant Swissco next maintains that its interests would be severely prejudiced were the Court not to vacate the default. In support of this claim defendant argues that it has participated in every step of the case thus far. While defendant has indeed taken part in some pretrial proceedings, defendant has failed to participate in the case since its previous attorney, Leon Zeiger, was disqualified on May 30, 1989. Defendant never obtained substitute counsel until well after default was entered. The Court has given defendant more than adequate time to protect its interests. Therefore, it is unnecessary to vacate the Court's Orders entering default.

Defendant Swissco's most frivolous claim is that it was unaware that it was unrepresented by counsel following the disqualification of Zeiger. Defendant maintains that it was under the impression that John Monahan, its attorney before Zeiger, would resume his representation of defendant in light of Zeiger's disqualification. The Court finds this claim to be disingenuous given the quantity and clarity of past motions and Orders on the issue of Swissco's representation.[4]

■ Finally, defendant maintains that the Court should vacate default because of defendants' accompanying motion to dismiss. Such a motion cannot supersede or excuse the prior entry of default against defendant. Even if it did, as the Court discusses below, defendant's motion to dismiss is without merit.

In short, defendant's motion to vacate default is untimely and otherwise without merit. As the Court stated explicitly in its February 26, 1990, Order, it "does not intend to allow any more delay in this case." February 26, 1990, Order at 3. Vacating default for a second time would unnecessarily cause further delay. In light of defendant's past evasive and dilatory tactics, and its current flouting of the Court's directives regarding its legal representation, defendant Swissco's motion to vacate default is denied.

The Court next turns to defendants Swissco's and Dahan's motion to dismiss. Pursuant to Fed.R.Civ.P. 12(b)(6), defendants argue that plaintiff has failed to state a claim upon which relief can be granted, and that, as a result, the Court must dismiss the case. Defendants base their argument on the fact that plaintiff transacts business in the District, yet has never obtained a

3. Fed.R.Civ.P. 4(d)(3) provides that service upon a domestic corporation shall be made "by delivering a copy of the summons and of the complaint to an officer" of the corporation. In-hand service upon the officer's attorney, who represents her in her individual capacity, does not satisfy this provision. Swissco was not represented by counsel between May 30, 1989, and March 8, 1990.

4. The Court made it clear that defendant Swissco needed to procure the services of counsel independent of those secured by defendant Dahan because of the potential conflict of interest present in the defendants' representation by the same counsel. See May 30, 1989, Order; February 12, 1990, Order; February 26, 1990, Order at 2–3. That defendant Swissco is currently represented by the attorney who is representing defendant Dahan concerns the Court. Attorneys previously representing each defendant have indicated that concurrent representation of both parties raises similar concerns.

certificate of authority to do so in accordance with D.C.Code § 29–399(a). Defendants claim that plaintiff's failure to fulfill this certification requirement bars it from maintaining this action against them. D.C. Code § 29–399.20(a) (1981).[5]

Plaintiff contends that it is not subject to D.C.Code §§ 29–399(a) and 29–399.20(a) because it has not been transacting business in the District. Instead, plaintiff claims that it has only been transacting business through defendants, who happen to be a corporation incorporated and residing in the District, and a corporate officer who lives and works in the District. Plaintiff relies on D.C.Code § 29–399(b) in insisting that it can maintain this action without procurement of a certificate of authority.[6] In the alternative, plaintiff claims that defendant's assertion of this defense is waived because it was not stated in the pleadings.

 In reply, defendants assert that they did include the Rule 12(b)(6) defense in their answer, and that even if they had not done so, Federal Rule of Civil Procedure 12(h)(2) preserves a Rule 12(b)(6) motion from waiver. Defendants' motion asserting its defense of plaintiff's failure to state a claim upon which relief can be granted may be considered by the Court at any time before trial, and is also timely because the defense was raised in the answer. 5A Wright and Miller, *Federal Practice and Procedure*, § 1361 at 445–46 (1990).

 As to the substance of defendants' defense, the Court finds defendants' interpretation of the D.C.Code certification requirement and its own business relationship with plaintiff to be incomplete. A dearth of case law exists to explain what activities constitute transacting business on the part of a foreign corporation such as plaintiff so as to subject the corporation to the D.C.Code's certification requirements. Arguably, plaintiff's activities could be construed as transacting business, thus subjecting it to these requirements. However, plaintiff was transacting business through its agent, who was coincidentally in the District of Columbia.

Defendant Dahan was to market and sell plaintiff's merchandise throughout the United States, not merely in the District. Plaintiff wanted to conduct business through defendant Dahan; there is no indication it intended to have any purposeful connection with the District. In short, that defendants reside and are incorporated in the District of Columbia is coincidental and of little consequence to plaintiff beyond the instant action.

Moreover, defendant Dahan created defendant Swissco for the purpose of facilitating her contractual duties as plaintiff's agent. Because Swissco obtained a certificate of authority to transact business in the District, plaintiff had no need for one in order to effect its dealings with defendant Swissco.

As set forth above, the business relationship between plaintiff and defendants has been one of principal and agent. The relationship, as evidenced by the terms of the contract, the parties' business communications, and the parties' actual dealings, contains the requisite elements of control and consent on the part of the principal and agent, respectively. *See Restatement, Second, Agency* §§ 1, 15, and comments thereafter (1957).[7] When an agent corporation

---

**5.** D.C.Code § 29–399.20(a) provides that:
No foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority.

**6.** D.C.Code § 29–399(b) provides that "[a] foreign corporation shall not be required to procure a certificate of authority merely for the prosecution of litigation, [or] the collection of its debts."

**7.** *Johnson v. Bechtel Assoc. Professional Corp.*, 545 F.Supp. 783 (D.D.C.1982), *aff'd in part*, 717 F.2d 574 (D.C.Cir.1983), *rev'd on other grounds*, 467 U.S. 925, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984); *Ludolph v. Bechtel Assoc. Professional Corp.*, 542 F.Supp. 630 (D.D.C.1982); *Riss and Co. v. Ass'n of W. Rys.*, 159 F.Supp. 288, 293 (D.D.C.1958); *Smith v. Jenkins*, 452 A.2d 333 (D.C.1982); *National City Dev. Co. v. Fadeley*, 148 A.2d 306 (D.C.Mun.App.1959). *See also N.L. R.B. v. Local No. 64, Falls Cities Dist. Council of Carpenters*, 497 F.2d 1335, 1336 (6th Cir.1974).

has complied with the applicable certification requirements in order to conduct business in the District, as Swissco has done, plaintiff need not duplicate these efforts merely to maintain the instant action. Thus, plaintiff may avail itself of D.C.Code § 29–399(b), *see* note 5, and continue to maintain this action against defendants without submitting to the additional certification requirements. Accordingly, it hereby is

ORDERED, that defendants' motion to dismiss is denied. It hereby further is

ORDERED, that plaintiff's motion for sanctions is denied without prejudice.

SO ORDERED.