**RESOLUTION TRUST CORPORATION, Plaintiff,**

v.

**HOLLAND & KNIGHT, Defendant.**

No. 92–2721–CIV.

United States District Court, S.D. Florida.

Aug. 4, 1993.

Richard H. Critchlow, Brian F. Spector, Deborah A. Sampieri, Christina L. Riotte, Kenny Nachwalter Seymour Arnold & Critchlow, P.A., Miami, FL, for defendant.

Lowell E. Sachnoff, Barry S. Rosen, Candace J. Fabri, Sachnoff & Weaver, Ltd., Chicago, IL, Alan J. Kluger, Marcia Soto Canner, Kluger, Peretz, Kaplan & Berlin, P.A., Miami, FL, Sara Nelson Bloom, Resolution Trust Corp., Legal Div., Washington, DC, for plaintiffs.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Count II of the Complaint. For the reasons stated below, the Court denies the defendant's motion.

### STANDARD OF REVIEW

To state a claim, *Fed.R.Civ.P.* 8(a) requires "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting *Fed.R.Civ.P.* 8(a)). The court must "take the material allegations of the complaint and its incorporated exhibits as true,

and liberally construe the complaint in favor of the plaintiff." *Burch v. Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 798 (11th Cir.1988), *aff'd sub nom. Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988), *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988) (quoting *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 102). The moving party bears a heavy burden. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of America*, 795 F.2d 948, 953 (11th Cir.1986).

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Resolution Trust Corporation ("RTC") filed this action as successor in interest to CenTrust Savings Bank ("CenTrust"), seeking ten million dollars in damages from Defendant Holland & Knight.[1] The complaint is in two counts: (1) Legal Malpractice–Negligence; and (2) Breach of Fiduciary Duty. On January 22, 1993, Holland & Knight filed an answer, which includes as an affirmative defense that Count II of the complaint fails to state a claim upon which relief can be granted. Subsequently, Holland and Knight filed the instant motion to dismiss Count II.[2]

---

1. In 1990, the RTC was appointed conservator, and subsequently receiver, for CenTrust.

2. A motion to dismiss must be filed before the filing of an answer to the complaint. *Fed.R.Civ.P.* 12(b). Courts, however, "have allowed untimely motions if the defense has been previously included in the answer." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361, at 445–46 (2d ed. 1990). *See, e.g., Stock 'In S.A. v. Swissco, Inc.*, 748 F.Supp. 23, 27 (D.D.C.1990); *Harris v. WGN Continental Broadcasting Co.*, 650 F.Supp. 568, 572 (N.D.Ill. 1986); *Canadian St. Regis Band of Mowhawk Indians v. New York*, 640 F.Supp. 203, 205 n. 2 (N.D.N.Y.1986). In such instances, a Rule 12(b)(6) motion becomes a Rule 12(d) motion for disposition before trial. *Id.* Rule 12(d) provides, in pertinent part:

The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion ... shall be heard and determined before trial on the application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

*Fed.R.Civ.P.* 12(d). Because Holland & Knight previously pled the affirmative defense of failure to state a claim in Count II, the Court will consider Holland & Knight's untimely motion to dismiss Count II.

The Court also notes that Holland & Knight has proffered interrogatories and a retainer document to supplement its motion to dismiss. The Court finds it unnecessary to rely on these documents. Therefore, the Court will not analyze Holland & Knight's motion to dismiss as a mo-

According to the Complaint, David Paul became the principal shareholder and Chairman of the Board of Directors of Dade Savings & Loan, CenTrust's predecessor, in 1983. The RTC alleges that, in connection with this acquisition, Paul agreed to transfer $32 million worth of assets of Westport Company ("Westport"), an investment trust owned by Paul, to Dade Savings & Loan. The RTC also claims that, in accordance with an agreement executed by Paul, David Paul Properties, Inc. ("DPPI"), a newly formed corporation capitalized at seven million dollars and wholly owned by Paul, would guarantee the value of Westport's assets upon liquidation. Pursuant to this agreement, Paul allegedly promised to keep DPPI's assets liquid and unpledged, invested only in certificates of deposit, bank accounts, or marketable securities. According to the RTC, however, Paul subsequently liquidated most of DPPI's assets to build the Grand Cru, Paul's seven million dollar luxury yacht.

In March, 1989, the Federal Home Loan Bank Board ("FHLBB") asked CenTrust to investigate the obligations of DPPI and Paul under the guaranty agreement. In response, CenTrust formed the CenTrust Special Committee ("Committee"), which was composed of members of CenTrust's Board of Directors. The Committee hired Holland & Knight to analyze CenTrust's rights and remedies under the guaranty agreement. Holland & Knight concluded that Paul and DPPI had no liability under the guaranty agreement. The RTC claims that this conclusion led the Committee to abstain from filing a lawsuit for breach of the guaranty agreement against Paul or DPPI.

In this action, the RTC claims that Holland & Knight was both incompetent and disloyal in its representation of CenTrust. The RTC alleges that Holland & Knight not only seriously misconstrued the guaranty agreement, but also overvalued Westport's assets; failed to find that DPPI was liable;

and failed to discover Paul's personal liability under the guaranty agreement. In Count I of the Complaint, labeled "Legal Malpractice—Negligence," the RTC alleges Holland & Knight breached its duty of care. In Count II, labeled "Breach of Fiduciary Duty," the RTC alleges that Holland & Knight breached its duty of loyalty to CenTrust by favoring Paul's interests over CenTrust's.[3]

## DISCUSSION

Holland & Knight seeks dismissal of Count II on two grounds: (1) Count II is duplicative of Count I; and (2) Count II fails to constitute an independent tort, hence is barred by the economic loss rule.

### 1. Duplicativeness of Counts I and II

■ Holland & Knight argues that a client's sole cause of action against an attorney is legal malpractice, and that such action includes breach of fiduciary duty. Because the RTC has asserted a legal malpractice claim in Count I, Holland & Knight asks the Court to dismiss Count II as duplicative of Count I.

■ A legal malpractice cause of action is comprised of three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) proof that the neglect of a reasonable duty is the proximate cause of a loss to the client. *Bill Branch Chevrolet, Inc. v. Philip L. Burnett, P.A.*, 555 So.2d 455, 455 (Fla. 2d DCA1990); *Thompson v. Martin*, 530 So.2d 495, 496 (Fla. 2d DCA 1988). An attorney's reasonable duties include the duty of care, which requires an attorney to have the knowledge and skill necessary to confront the circumstances of each case. *See, e.g., Bill Branch*, 555 So.2d at 455; *State v. Meyer*, 430 So.2d 440, 443 (Fla.1983), *overruled on other grounds sub nom. State v. District Court of Appeal, First District*, 569 So.2d 439 (Fla.1990); *Dykema*

tion for summary judgment, pursuant to *Fed. R.Civ.P.* 12(b) and 56.

**3.** As noted, the RTC has labeled Count I "Legal Malpractice–Negligence" and Count II "Breach of Fiduciary Duty". The body of the complaint, however, rather than the label employed by the

plaintiff, defines the type of claim asserted. *See In re Securities Litigation*, 916 F.2d 874, 882 (3rd Cir.1990); *Castella v. Long*, 701 F.Supp. 578, 586 (N.D.Tex.), *aff'd.*, 862 F.2d 872 (5th Cir.1988), *cert. denied*, 493 U.S. 936, 110 S.Ct. 330, 107 L.Ed.2d 319 (1989).

*v. Godfrey*, 467 So.2d 824, 825 (Fla. 1st DCA1985); *Kartikes v. Demos*, 214 So.2d 86, 86–87 (Fla. 3d DCA 1968). In addition, "the attorney is under a duty at all times to represent his client and handle his client's affairs with the utmost degree of honesty, forthrightness, loyalty and fidelity." *Smyrna Developers, Inc. v. Bornstein*, 177 So.2d 16, 18 (Fla. 2d DCA 1965). *See also FDIC v. Martin*, 801 F.Supp. 617, 620 (M.D.Fla.1992) ("The attorney client relationship does ... place a fiduciary duty on the part of the attorney."); *Armour & Co. v. Lambdin*, 16 So.2d 805, 811–12 (Fla.1944) (There is a fiduciary or trust relationship between attorney and client.); *Fernandez v. Cunningham*, 268 So.2d 166, 168 (Fla. 3d DCA 1972) (Attorney must deal with client in good faith.).[4]

■ Generally, an attorney breaches the duty of loyalty when the attorney obtains a personal advantage from the client or when there are circumstances that create adversity to the client's interest. 1 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 11.1, at 633 (3d ed. 1989). *See, e.g., Singleton v. Foreman*, 435 F.2d 962, 970 (5th Cir. 1970) (Interest in suit cannot become adverse or hostile to client.); *K.M.A. Assoc., Inc. v. Meros*, 452 So.2d 580, 581 (Fla. 2d DCA 1984) (Attorney owes client full and fair disclosure and fairness and good faith in transactions with client.); *Abstract & Title Corp. v. Cochran*, 414 So.2d 284, 285 (Fla. 4th DCA1982) (Attorney owes fairness and good faith in transactions with client.); *Waldeck v. Marks*, 328 So.2d 490, 493 (Fla. 3d DCA1976), *cert. denied*, 361 So.2d 836 (Fla. 1978) (same); *Don Slack Ins., Inc. v. Fidelity & Casualty Co. of New York*, 385 So.2d 1061, 1064 (Fla. 5th DCA1980) (Attorney owes client full and fair disclosure.).

"The [breach of fiduciary duty] constitutes a wrong which is distinct and independent from professional negligence but still com-

prises legal malpractice." 1 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 11.1, at 633 (3d ed. 1989). For example, in *FDIC v. Martin*, the plaintiff alleged that the defendants neglected both their fiduciary duty to their client and their reasonable duty as attorneys "by failing to disclose material information that the firm had concerning several loan transactions." *Martin*, 801 F.Supp. at 620. The court stated,

> The attorney client relationship does ... place a fiduciary duty on the part of the attorney. A person acting in a fiduciary or confidential capacity has a duty to make a full and fair disclosure of material facts to a person reposing confidence in him.

*Id.* at 620. Recognizing this duty, the *Martin* court allowed the plaintiff to plead both malpractice theories, breach of the duty of care and breach of fiduciary duty. *Id.* at 621.

In the instant case, the RTC has also pled each of these malpractice theories in two separate counts. Pursuant to Rule 8(e)(2), parties may set forth claims in an alternative manner.

> Rule 8(e)(2) provides, in pertinent part:
> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.

*Fed.R.Civ.P.* 8(e)(2). Rule 8(e)(2) permits flexible pleading so as to ensure a complete presentation of all relevant facts and legal theories. 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1282, at 526 (2d ed. 1990). The RTC has taken advantage of this flexible pleading

---

4. In this sense, a lawyer's fiduciary duty to his client is akin to the duty of an agent to a principal or the duty between partners; it requires the highest level of loyalty. *See Smyrna*, 177 So.2d at 18 ("There is no relationship between individuals which involves a greater degree of trust and confidence than that of an attorney and client."). To put it another way:

> Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior.

*Meinhard v. Salmon*, 249 N.Y. 458, 164 N.E. 545, 546 (1928) (Cardozo, J.).

standard by pleading its legal malpractice claim against Holland & Knight in two alternative counts. One count is predicated on Holland & Knight's alleged breach of its duty of care. The second count is predicated on Holland & Knight's alleged breach of its fiduciary duty, or duty of loyalty. Applying Rule 8(e)(2) to the Complaint, the Court concludes that the two counts do not duplicate each other. Rather, the counts represent two distinct theories of malpractice pled in the alternative, as permitted by *Fed.R.Civ.P.* 8(e)(2).

## 2. The Independent Tort Doctrine and the Economic Loss Rule

█ Holland & Knight also argues that the independent tort doctrine and the economic loss rule bar Count II of the Complaint. Succinctly stated, these two doctrines provide that "without some conduct resulting in personal injury or property damage, there can be no independent tort flowing from a contractual breach which would justify a tort claim solely for economic losses." *AFM Corp. v. Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180, 181–82 (Fla.1987).[5]

Holland & Knight predicates its argument for dismissal of Count II on the assumption that Count I is a contract action and Count II is a tort action.[6] Holland & Knight further argues that the tort claim—breach of fiduciary duty—arises from the contract claim—malpractice—and seeks recovery of purely economic loss. Thus, Holland & Knight conclude that Count II violates both the independent tort doctrine and the economic loss rule.

Under Florida law, however, it is unclear whether a malpractice action is a tort action

or a contract action. *See Kartikes v. Demos,* 214 So.2d 86, 87 (Fla. 3d DCA 1968) (Malpractice is an action in contract.); *Cf. Mayo v. Engel,* 733 F.2d 807, 811 (11th Cir.1984) (Malpractice is an action in tort.). Because the Court has concluded that both claims are, at root, malpractice claims pled in the alternative, both counts sound in tort or in contract. Therefore, the Court finds the economic loss rule and the independent tort doctrine inapplicable to the RTC's complaint.[7]

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is DENIED.

DONE AND ORDERED.

---

**5.** The independent tort doctrine provides that, to plead a tort claim in an action arising out of a contract, "there must be a tort 'distinguishable from or independent of the breach of contract.'" *AFM Corp. v. Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180, 181 (Fla.1987) (citation omitted). The economic loss rule states that "contract principles are more appropriate than tort principles for resolving economic loss claims." *Florida Power & Light v. Westinghouse Elec. Corp.,* 510 So.2d 899, 910 (Fla.1987).

**6.** The Court has noted, and disregarded, the RTC's somewhat inartful choice of labels for its

Counts: "Legal Malpractice—Negligence" and "Breach of Fiduciary Duty."

**7.** The Court also notes that Holland & Knight's argument would require the Court to extend the independent tort doctrine and the economic loss rule to legal malpractice actions. Holland & Knight, however, proffers no Florida case law that support an extension of these doctrines to legal malpractice actions. Indeed, the Supreme Court of Florida formally approved of the independent tort doctrine and the economic loss rule in the very different context of commercial litigation. *Florida Power & Light,* 510 So.2d at 902.