**WALKER MANAGEMENT, INC., Plaintiff,**

v.

**AFFORDABLE COMMUNITIES OF MISSOURI and 21st Century Communities, Inc., Defendants/Counterclaimants Third–Party Plaintiffs,**

v.

**ALLRIGHT MISSOURI, INC., Counterclaim Defendant/Third–Party Plaintiffs.**

No. 4:94 CV 1323 SNL.

United States District Court, E.D. Missouri, Eastern Division.

Jan. 24, 1996.

Jeffrey S. Russell, Bryan Cave, St. Louis, MO, James T. Swenson, Shane H. Anderson, Mackall and Crounse, Minneapolis, MN, for Walker Management, Inc.

Daniel V. Conlisk, Dankenbring and Greiman, St. Louis, MO, for Affordable Communities of Missouri and 21st Century Communities, Inc.

David P. Weiss, Weiss and Associates, St. Louis, MO, for Allright Missouri, Inc.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This matter is before the Court on Plaintiff/Counterclaim Defendant Walker Management Inc.'s (Walker) Motion to Dismiss Counts I, II, III, and a portion of Count X of the Defendants' Amended Counterclaim (# 41). The matter involves the Jefferson Arms Hotel (Property) which was put into receivership by the Circuit Court of St. Louis. While in receivership, the property was sold and this suit is a result of the receivership and the sale of the property.

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Toombs v. Bell,* 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 C. Wright & A. Miller, **Federal Practice and Procedure:** Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial."

*Id.* at 122–123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra,* 355 U.S. at 45–46, 78 S.Ct. at 102.

■ The Court must view the complaint in the light most favorable to the plaintiff and should not dismiss it merely because the Court doubts that the plaintiff will be able to prove all of the necessary allegations. *Bennett v. Berg,* 685 F.2d 1053, 1058 (8th Cir. 1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of Counts I, II, III and the relevant portion of Count X in the Defendants' Amended Counterclaim.

The first Count alleges fraud in inducement; the second alleges negligent misrepresentation in inducement; the third is entitled third party beneficiary of contract; and the relevant portion of the tenth alleges negligence prior to ACM's acquisition of the Property. Walker attacks all four on the same grounds: as the Court appointed receiver, Walker is immune from liability. Each side also makes a technical pleading argument which is not persuasive to the Court.

■ Where applicable, the immunity of a court appointed receiver is absolute. That individual is operating as an arm of the court and must enjoy the same protections; if that were not the case, courts would be forced to perform the tasks of receivers thus diminishing the amount of time allowed for the administration of justice. Because the system of receivers works in the interests of justice, it is natural that the protections are extended. *Kermit Const. v. Banco Credito Y Ahorro Ponceno,* 547 F.2d 1, 2 (1st Cir.1976).

■ ACM tries to argue that there is an exception to the immunity defense based on the tortious actions of the protected individual. That is not the case. Again, the immunity doctrine is absolute; the actors intent plays no role, *O'Neil v. City of Lake Oswego,* 642 F.2d 367, 370 (9th Cir.1981) nor do allegations of conspiracy, bad faith, personal interest or outright malevolence. *Ashelman v. Pope,* 793 F.2d 1072 (9th Cir.1986).

■ Immunity is not applicable if the receiver is operating outside of his jurisdiction or performing a nonjudicial act. That caveat must be read broadly to afford complete protection to the court appointed receiver. The ninth circuit has attempted to delineate the boundaries of the immunity by establishing the clear absence standard. That limits the immunity only when there is a clear absence of jurisdiction. *Id.*

The eighth circuit has agreed with the ninth circuit's decision in *Ashelman* and echoed its support of immunity, most often as it applies to § 1983 suits: "Exceptions to absolute immunity should not be created freely. That malicious or corrupt acts are protected, *Pierson v. Ray,* 386 U.S. 547, 552–553, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967), indicates how solidly the doctrine of absolute immunity is entrenched in our legal system." *Moses v. Parwatikar,* 813 F.2d 891, 893 (8th Cir.1987).

■ ACM would have this Court reject that solidly entrenched doctrine. Their argument based on tortious conduct fails because, as explained above, that is not an exception to the privilege nor is this Court willing to craft it into one. The only viable attack on Walker is to attack the scope of its immunity.

ACM argues that as receiver, Walker was in charge of the books, collecting rents, and maintaining the property; providing ACM with data relevant to a purchase was not a part of their appointed role. If that were true, it would place Walker's actions outside the aegis of immunity.

Although Walker is correct in its contention that ACM's position in the pleadings provide enough support for Walker's reply to the jurisdiction argument, that point is more clearly demonstrated in the Circuit Court's Order of Appointment. The six page order outlines the responsibilities of Walker Management Inc. The fifth paragraph of that

document orders the defaulting owners and their agents to deliver to Walker any and all documents including all books and records and accounting records. As appointed receiver and sole custodian of those records it is within Walker's jurisdiction to compile and make available financial statements that result from those records. It is within the general duties as contemplated by the court and does not approach the level of gravity contemplated by the clear absence of jurisdiction standard.

 In addition to an argument on the merits of the motion, each party puts forth a technical argument on the pleadings. Walker argues that since an affirmative lack of immunity was not pled in the Complaint, the counts should be automatically dismissed. Although the Court need not address this issue because the counts are dismissed on alternate grounds, the Court is not convinced that Walker's interpretation of pleading requirements is correct. Certainly the counterclaimant must state a claim upon which relief may be granted, but there is no technical requirement that the Complaint contain magical words challenging immunity. Although *Ashelman* and *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298 (9th Cir.1989) appear to support Walker's position, this circuit has not clearly adopted that rule and this Court finds it appropriate to hold the Defendant to the motion standard which it has met.

As to ACM's technical argument that the motion is untimely, the Court is not persuaded. The federal rules do set limits on motions that must be filed before further pleadings, but the 12(b)(6) motion which puts forth this immunity argument should be heard prior to trial to prevent any unnecessary proceedings. This is in accordance with Fed.R.Civ.P. 1 which calls for the Court to construe the rules to "secure the just speedy and inexpensive determination of every action." In addition, the movant was already aware of this line of argument (See Reply of Plaintiff Walker Management to the Amended Counterclaims of Defendants Affordable Communities of Missouri and 21st Century Communities, p. 11); since courts have allowed untimely motions if the defense has

been previously included in the answer, the Court has viewed the motion as a 12(d) motion for disposition before trial. *See Resolution Trust Corporation v. Holland & Knight*, 832 F.Supp. 1528, 1529 n. 2 (S.D.Fla.1993)

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff/Counterclaim Defendant Walker Management Inc.'s *Motion to Dismiss Counts I, II, III, and a portion of X is* **GRANTED.**

**IT IS FURTHER ORDERED** that ACM show cause in writing by January 29, 1996 why this Court should not grant the pending motion for Rule 11 sanctions.

**IT IS FINALLY ORDERED** that this ruling does not change the mediation report requirement, due January 24, 1996, nor does it change the date for the trial of this matter on the merits during the two week docket of February 5, 1996.